# CITY OF BUTTE, Respondent, *v.* PALTROVICH, Appellant.

### (No. 1,788.)

### (Submitted February 10, 1904.   Decided February 24, 1904.)

*Municipal Corporations—Ordinances — Regulating Hours of Business—Licenses—Constitutional Law—Equal Protection of the Law—Reasonableness of Ordinances—Police Power.*

1. An ordinance making it unlawful to keep open a pawnshop after 6 o'clock p. m. is not a prohibition of the business, but a regulation of it, authorized by Political Code, Section 4800, Subd. 16.
2. One taking a license to carry on the pawnshop business, which states nothing as to the hours within which the business may be conducted, takes with notice that the city may impose reasonable regulations therefor.
3. It is only where persons engaged in the same business are subjected to different restrictions, or are granted different privileges under like conditions, that the discrimination is open to the objection that it is a denial of equal protection of the law.
4. An ordinance does not deny the equal protection of the law because regulating the hours of operating pawnshops, loan offices, and second-hand stores, only.
5. In the exercise of the "police power," citizens may, for the public good, be constrained in their conduct with reference to matters in themselves lawful and right.
6. An ordinance making it unlawful to keep open a pawnshop, loan office or second-hand store after 6 o'clock p. m., except on days preceding a holiday, when they may be kept open till 10 o'clock p. m., will, in the absence of clear proof to the contrary, be held reasonable.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

VICTOR PALTROVICH was convicted of violating an ordinance. From the judgment, and an order denying him a new trial, he appeals.  Affirmed.

*Mr. J. L. Wines,* for Appellant.

The business of a pawnbroker is neither illegal, immoral nor against public policy.   Ordinances in contravention of the general policy of state legislation upon the same subject, are void. The state has not attempted to prohibit the business of pawn-

brokerage, and the state has only delegated to cities the power to tax, license and regulate; the power to "regulate" does not include the power to "prohibit" for any portion of the time embraced or included in the license issued to those in that business. The ordinance in question is also void as being unreasonable and in restraint of trade. (Black's Law Dictionary, 1015; Webster's Dictionary; Angell & Ames on Corporations, pages 337-349; Cooley's Constitutional Limitations, pages 191-211; 1 Dillon on Municipal Corporations, 4th Ed., Secs. 317, 319, 329, 357, 358, 366, 367, 386, 389, and notes; 17 Am. & Eng. Ency. of Law, pages 248, 253, 254; *Berling* v. *West,* 29 Wis. 307; *Wreford* v. *The People,* 14 Mich. 41; *Dunham* v. *Trustees of Rochester,* 5 Cowan, 462; *The Mayor* v. *Nichols,* 4 Hill, 209; *City of Emporia* v. *Volmer,* 12 Kan. 622; *City of Newton* v. *Belger,* 10 N. E. 464; *City of St. Paul* v. *Traeger,* 25 Minn. 248, 252, 253; *In re Fraser,* 63 Mich. 396; *Cosgrove* v. *Augusta* (Ga.), 42 L. R. A. 711; *In re Gribben,* 47 Pac. 1074; *State* v. *Taft* (N. Car.), 32 L. R. A. 122; *May* v. *People* (Colo.), 27 Pac. 1010; *Phillips* v. *City of Denver,* 34 Pac. 902; *In re Jacobs,* 98 N. Y. 98; *State* v. *Pendergrass,* 10 S. E. 1002; *City of Corvallis* v. *Carlile,* 10 Oregon, 139; *Chaddock* v. *Day,* 75 Mich. 527; *Town of Greenboro* v. *Ehrenreich* (Ala.), 60 Am. Rep. 130; *Jew Ho* v. *Williamson,* 103 Fed. 10; *City of Evansville* v. *Miller* (Ind.), 38 L. R. A. 161; *City of Owensboro* v. *Sparks,* 36 S. W. pp. 4, 5.)

*Mr. Edwin M. Lamb, Mr. H. A. Bolinger,* and *Mr. J. L. Templeman,* for Respondent.

The city council had authority to pass Ordinance No. 586, and the same is a reasonable regulation of the pawnbroking business. (Dillon's Mun. Corp. 4th Ed. Secs. 318, 328, 400; *In re Hang Kie,* 69 Cal. 149; *City Council of Greenville* v. *Kemmis,* 4 Mun. Corp. Cases, 523; *Bush* v. *Seabury,* 8 Johns. (N. Y.), 327; *Buffalo* v. *Webster,* 10 Wend. 100; *Cronin* v. *People,* 82 N. Y. 318; *Ex parte Canto,* 21 Texas App. 61; *Ex parte Byrd,* 84 Ala. 17; *Ash* v. *People,* 11 Mich. 347; *St. Louis*

v. *Weber,* 44 Mo. 547; *City of New Orleans* v. *Faber,* 29 So. Rep. 507, 5 Mun. Corp. Cases, 413; *City of Jacksonville* v. *Ledwith* (Fla.), 32 Am. & Eng. Corp. Cases, 382; *Grand Rapids* v. *Braudy* (Mich.), 32 L. R. A. 119; *Fisher* v. *Harrisburg,* 2 Grant's Cases, 291; *Com.* v. *Robertson,* 5 Cush. 438; *Marnet* v. *State,* 45 Ohio St. 63; *Shuman* v. *City of Fort Wayne* (Ind.) 11 L. R. A. 379; *Soon Hing* v. *Crowley,* 113 U. S. 703; *Barbier* v. *Connolly,* 113 U. S. 27; *Staates* v. *Borough of Washington* (N. J.), 43 Am. Rep. 402.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The appellant, Victor Paltrovich, was convicted in the police magistrate's court of the city of Butte of violating Ordinance No. 586 of that city. He appealed to the district court, where the cause was tried on an agreed statement of facts. The facts agreed upon are that Ordinance No. 586 was duly passed by the city council, approved by the mayor, and published and recorded as required by law; that defendant, Paltrovich, was a pawnbroker engaged in that business in the city of Butte; that he kept his place of business open and transacted such business after 6 o'clock p. m. on January 7, 1902 (January 7, 1902, not being a day next preceding a holiday); that the defendant had a license to conduct such business from the city of Butte, and a like license from the authorities of Silver Bow county; that the city of Butte has not required any trades or avocations mentioned in Subdivision 16 of Section 4800 of the Political Code, as amended by Act of the Fifth legislative assembly approved March 8, 1897 (Sess. Laws 1897, p. 203), to close between 6 o'clock p. m. and 7 a. m. of the next day, except pawnbrokers, loan offices and secondhand stores, but that all other places of business, trades and professions in said city do close at 6 p. m. by consent, without being required to do so by ordinance. Upon this statement of facts, the district court found the defendant guilty, and adjudged that he pay a fine of $50 and costs. From

this judgment, and an order denying him a new trial, defendant appeals.

Section 1 of Ordinance No. 586 reads as follows: "That hereafter it shall be unlawful for any person, persons or corporation to keep open or transact business with the public between the hours of six o'clock p. m. and seven o'clock a. m. of the following day and on legal holidays, in the operation of a pawn shop, loan office or secondhand store; provided, however, that on the next day preceding a legal holiday the hour of closing said place of business shall not be later than ten o'clock p. m." Section 2 provides a penalty for a violation of the ordinance, and Section 3 contains a repealing clause.

Both parties have proceeded upon the theory that Section 4800, above, as amended, is controlling in this instance, and we shall do likewise, as it is immaterial to the consideration of this case whether in fact it is, or whether the Act of the Third legislative assembly, approved March 7, 1893 (Sess. Laws 1893, p. 113), is in force. Subdivision 16 of Section 4800, above, as amended, reads as follows: "The city or town council has power: (16) To license, tax and regulate auctioneers, peddlers, pawnbrokers, secondhand and junk shops, drivers, porters, saloons, billiard tables, tenpin alleys, shooting galleries, shows, circuses, street parades, theatrical performances and places of amusements, within the city or town. * * *" Under the authority conferred by this section, the city enacted Ordinance No. 586.

Appellant contends that the ordinance is invalid for the reason that the city exceeded the authority delegated to it by Subdivision 16 of Section 4800 as amended, in the following particulars: (1) The ordinance prohibits the prosecution of his business; (2) it is an unlawful interference with or restraint of trade; and (3) under this ordinance he is denied the equal protection of the law.

1. Appellant contends that this ordinance prohibits him from conducting his business during a portion of every day, and that, under the power granted to the city to license, tax and regulate such business, it has no power to prohibit it altogether.

A regulation presupposes the existence of a right. "To regulate" means to adjust; to govern by rule; to direct or manage according to certain standards or laws; to subject to rules, restrictions or governing principles. (Standard Dictionary.)

But does the ordinance in fact operate as a "prohibition," as that term is used in the adjudicated cases? An examination of the authorities discloses that, where the term "prohibit" is used, it is in the sense of interdict; that is, to stop altogether. Most, if not all, police regulations do in fact operate as an interference with the free exercise of the classes of business made subject to them, but this interference alone cannot be made the test of their validity. If they afford reasonable facilities for the conduct of the business, they do not amount to a prohibition, but to a regulation, thereof. (*City of Jacksonville* v. *Ledwith,* 26 Fla. 163, 7 South. 885, 9 L. R. A. 69, 23 Am. St. Rep. 558; 1 Dillon on Mun. Corporations (4th Ed.), Sec. 400; *Ex parte Byrd,* 84 Ala. 17, 4 South. 397, 5 Am. St. Rep. 328.)

2.   Appellant also contends that as he had a city and state license to conduct his business, and neither license imposed any limitation on the time within which he might conduct such business, the ordinance in question operates as an unlawful restraint of trade. But appellant's licenses were mere permits to conduct his business, and he took them charged with the knowledge that the city might impose any reasonable regulation for the conduct of that business which might be necessary to the peace and good order of the city. (*Smith & Lackey* v. *Mayor, etc. of Knoxville* (Tenn.), 3 Head, 245; Horr & Bemis on Mun. Police Ordinances, Sec. 132.)

3.   Appellant makes particular complaint that only pawnbrokers, secondhand stores and loan offices, of all the classes of business enumerated in Subdivision 16, *supra,* are made subject to this ordinance, and that he is thus denied the equal protection of the law; but he does not say that any other pawnbroker is exempt from the operations of this ordinance. It is only where persons engaged in the same business are subjected to different restrictions, or are granted different privileges under like con-

ditions, that the discrimination is open to objection, or can be said to impair the equal right which all may claim under the law. (*Soon Hing* v. *Crowley,* 113 U. S. 703, 5 Sup. Ct. 730, 28 L. Ed. 1145; *Barbier* v. *Connolly,* 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923.)

The power conferred upon the city of Butte by Subdivision 16, above, is primarily to enact such police regulations with reference to the occupations therein enumerated as shall be necessary to the good order and general welfare of its citizens.

·The only remaining question is, is the regulation provided by this ordinance a reasonable one? The mere fact that appellant's business is legitimate, and specifically recognized as such by legislative enactment, does not render ineffectual the power conferred by Subdivision 16 above. The police power is not confined to the regulation of those classes of business which are essentially illegal, for, if illegal, in the sense that they are prohibited by law, it is not easily understood how they could be regulated at all.

It is of the very essence of the exercise of police powers that citizens may, for the public good, be constrained in their conduct with reference to matters in themselves lawful and right. (*Hopper* v. *Stack,* 69 N. J. Law, 562, 56 Atl. 1.) It is not a material inquiry to attempt to ascertain the reason which impelled the legislature to designate the business of pawnbrokers as subject to police regulations. It is sufficient for us to know that it has done so, and deal with the law as we find it.

The fact that appellant cannot prosecute his business whenever he may desire to do so is hardly a sufficient reason for saying that the restrictions imposed are unreasonable. However comprehensive the terms "individual liberty," so frequently made use of, are, and however broad the claim which may be advanced that every one may employ his time in a lawful undertaking as may best serve his own interests, still the liberty referred to is a relative term, and, at most, means liberty regulated by just and impartial laws, while all sorts of reasonable restrictions are imposed upon the actions of men for the common

welfare and good of society. (*State* v. *Freeman,* 38 N. H. 426.)

However, the question of the reasonableness of the regulation is one of fact, of which the city council is the best judge, (*Staates* v. *Borough of Washington,* 44 N. J. Law, 605, 43 Am. Rep. 402; *City of Grand Rapids* v. *Braudy,* 105 Mich. 670, 64 N. W. 29, 32 L. R. A. 119, 55 Am. St. Rep. 472), and in the absence of a clear showing to the contrary, its reasonableness will be presumed. (*Ivins* v. *Inhabitants of Trenton,* 68 N. J. Law, 501, 53 Atl. 202.)

The express power to enact an ordinance of this character is conferred by Subdivision 16, above, and the legislature thereby indicated that it is safe to trust to the judgment and discretion of the common councils of our cities to determine to what extent the power conferred should be exercised; and there is every presumption to be indulged in this instance that the city council of Butte was actuated by pure motives, and that it was thoroughly familiar with the peculiar surrounding circumstances, with the defects of prior regulations, and with the particular evils to be remedied. In addition to this presumption, it is made to appear from the record that all other places of business close at 6 o'clock p. m., so that, after all, appellant is in no position to say that he is discriminated against in any sense. The ordinance permits him to conduct his business until 10 p. m. on every day next preceding a holiday, and, as more than sixty holidays are provided for by our Code (Political Code, Sec. 10), it is not apparent that the regulation is in any wise unreasonable.

In numerous instances like ordinances have been called in question, where the business affected was the proper subject of police regulation, and sustained as reasonable. (*State* v. *Welch,* 36 Conn. 215; *City of Bowling Green* v. *Carson* (Ky.), 10 Bush 64; *State* v. *Freeman, supra; Staates* v. *Borough of Washington,* 44 N. J. Law, 605, 43 Am. Rep. 402; *Soon Hing* v. *Crowley, supra; Barbier* v. *Connolly, supra; Smith & Lackey* v. *Mayor, etc. of Knoxville* (Tenn.), 3 Head, 245; *Ex parte Wolf,* 14 Neb. 24, 14 N. W. 660; *Maxwell* v. *Jonesboro* (Tenn.), 11 Heisk. 257.)

We are of the opinion that the authority to enact Ordinanace No. 586 is specifically given by Subdivision 16 of Section 4800 above, as amended; that it is a police regulation, and, in the absence of clear proof to the contrary, it will be deemed reasonable.

The defendant was properly convicted, and the judgment and order denying his motion for a new trial are affirmed.

*Affirmed.*