## Nadorff Bros. v. City of Louisville.

(Decided June 7, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Intoxicating Liquors—Illegal Sale—Acts of Bar Tender—Liability of Owner of Saloon—The owner of a saloon who entrusts the conduct of the business to a bar tender, who violates the law by selling liquor on Sunday, will not be permitted to escape liability on the ground that he did not know of, or authorize acts of the bar tender.

2. License—Revocation—Abuse of Discretion—It is not abuse of discretion for the license board of a city of the first class to revoke the license of a saloon keeper whose bar keeper entrusted with the conduct of the business violates the law by selling liquor on Sunday, although the owner claims that he did not know of or authorize the bar keeper's acts.

GREENE & TILFORD for appellants.

CLAYTON B. BLAKEY, JOS. S. LAWTON and W. J. O'CONNOR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, Nadorff Bros., who conducted a saloon at No. 221 South Second street, in the city of Louisville, were cited to appear before the License Board of that city to show cause why their license to retail liquors should not be revoked for selling liquor on Sunday, August 28, 1910, in violation of section 1303 of the Kentucky Statutes. After hearing the evidence, the License

Board revoked appellants' license. On appeal to the Criminal Division of the Jefferson Circuit Court the judgment of the License Board was affirmed. From that judgment this appeal is prosecuted.

The evidence conclusively shows that, on the Sunday in question, appellants' barkeeper was in the saloon, in company with some ten or fifteen men, and was engaged in selling liquor. Appellants contend, however, that this sale was unauthorized by them, and was without their consent. The proof does show that one of appellants was absent from the State, while the other was at his residence, about two miles distant from the saloon. Each testified that he had no knowledge of the sales in question and that he never in any way authorized the barkeeper to open the saloon on Sunday or to make sales on that day. Upon this showing, we are asked to hold that the License Board abused its discretion in revoking appellants' license.

The rule in this State is that the owner of a saloon may be proceeded against, criminally, for the act of his clerk or agent who, in violation of law, sells or furnishes liquor while acting within the scope of his employment; and this without reference to the instructions or directions given to him by his employer. When a person obtains a license to sell liquor, and for his own convenience and advantage employs other persons to conduct the business for him, he will be charged with responsibility for their acts and can not shield himself from prosecution upon the ground that what they did was contrary to his wishes or in disobedience to his commands. He assumes the risk of their acts in the business for which he has employed them; and if he desires to save himself harmless, he must see to it that the servants, while acting for him, do not violate the law. The reason for this rule is that the employer has placed it within the power of his clerk to observe or disobey the law; and having confided the matter to his clerk's discretion and judgment, he is answerable for his conduct. (City of Paducah v. Jones, 126 Ky. 809.) Following this rule, appellants, who entrusted the conduct of their saloon to their bartender, who violated the law, will not be permitted to escape liability on the ground that they did not know of, or authorize, his acts.

As the License Board is authorized by section 3034, of the Kentucky Statutes, to revoke licenses where the licensee has violated the law with respect to the sale of liquor, and, as the evidence leaves no room for doubt that appellants were guilty of violating the law upon the occasion in question, the License Board, in revoking the license in question, did not abuse the discretion vested in it by law.

Judgment affirmed.