## Hyman v. Boldrick, Judge.

(Decided March 21, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

Municipal Corporations—Ordinance Regulating Closing Hours for Second-hand Stores—Valid Exercise of Police Power.—A city ordinance requiring second-hand dealers to keep their stores closed from seven p. m. to seven a. m. is not discriminatory, is based on a reasonable classification, and is not unreasonable or oppressive, but a valid exercise of the police power.

EDWARDS, OGDEN & PEAK for appellant.

PENDLETON BECKLEY, WM. J. O'CONNOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

The following ordinance is in force in the city of Louisville:

"An ordinance regulating the hours for the transaction of business of pawn brokers, second-hand dealers, junk merchants and junk dealers in the city of Louisville.

"Be it ordained by the General Council of the City of Louisville:

"Sec. 1. It shall be unlawful for any pawn broker, second-hand dealer, junk merchant or junk dealer to keep

open his store or place of business for the transaction of any business pertaining to such occupations, or to engage in it, conduct or carry on any of said occupations, in whole or part, or directly or indirectly, between the hours of 7:00 o'clock p. m. and 7:00 o'clock a. m., except from December 15th to December 25th of each year, and on Saturdays, when their said stores and places of business may remain open until, but not later than, ten o'clock p. m., for the sale of their goods and wares, but for no other purpose.

"Sec. 2. Any person, firm or corporation violating in any particular any of the provisions of section 1 of this ordinance shall be fined for each offense not less than $5.00, nor more than $20.00, or imprisonment not less than two nor more than ten days; and each day that said violation continues shall constitute a separate offense.

"Sec. 3. All ordinances or parts of ordinances in conflict herewith are hereby repealed.

"Sec. 4. This ordinance shall take effect from and after its adoption and publication."

E. Hyman, who is a licensed second-hand dealer in the city of Louisville, refused to close his store at 7:00 p. m., as provided by the ordinance, and was arrested for its violation. He was fined in the police court and took out a writ of prohibition in the Jefferson Circuit Court to test the validity of the ordinance. The circuit court held the ordinance valid, and Hyman appeals.

The proof for the city on the trial showed these facts: Thieves resort to second-hand stores especially at night to dispose of stolen goods, and as they do this under cover of darkness, it is almost impossible to apprehend them. Housebreakers and other thieves follow their calling usually under cover of darkness and when they get booty, try to dispose of it as soon as possible. If the second-hand stores are not allowed to remain open at night, they will be more easily detected, as they can safely carry things in the darkness which the police could detect in the daylight, and when property has been once sold to a second-hand dealer, it is often difficult to find the thief. The detective force of the city of Louisville is kept on duty mostly during the day. The ordinance in question was deemed necessary by the police department, there being much petty thieving in the city, and it being very difficult to catch the thieves in a city of 250,000 people.

It is insisted for the appellant that the ordinance is void because it is class legislation, and an unreasonable restraint of trade and of personal liberty. It is insisted that other merchants can keep their stores open at night, and that the restriction as to second-hand dealers is class legislation. In City of Butte v. Paltrobich, 104 Am. St. Rep., 700, the Supreme Court of Montana had the precise question before it, and in answering it said:

"The mere fact that appellant's business is legitimate, and specifically recognized as such by legislative enactment, does not render ineffectual the power conferred by subdivision 16 above. The police power is not confined to the regulation of those classes of business which are essentially illegal, for, if illegal, in the sense that they are prohibited by law, it is not easily understood how they could be regulated at all. It is of the very essence of the exercise of police powers that citizens may, for the public good, be constrained in their conduct with reference to matters in themselves lawful and right. Hopper v. Stack, 69 N. J. L., 562, 56 Atl. 1. It is not a material inquiry to attempt to ascertain the reason which impelled the legislature to designate the business of pawnbrokers as subject to police regulations. It is sufficient for us to know that it has done so, and deal with the law as we find it. The fact that appellant cannot prosecute his business whenever he may desire to do so is hardly sufficient reason for saying that the restrictions imposed are unreasonable. However comprehensive the terms "individual liberty," so frequently made use of, are, and however broad the claim which may be advanced that everyone may employ his time in a lawful undertaking as may best serve his own interests, still the liberty referred to is a relative term, and, at most, means liberty regulated by just and impartial laws, while all sorts of reasonable restrictions are imposed upon the actions of men for the common welfare and good of society; State v. Freeman, 38 N. H., 426. However, the question of the reasonableness of the regulation is one of fact, of which the city council is the best judge."

In that opinion and note thereto, a number of other authorities are collected. The ordinance is not objectionable on the ground that it is discriminatory if there is a reasonable basis for the classification. The ordinance before us applies to all second-hand dealers, and obviously there is a reasonable basis for putting second-

hand dealers in a different class from merchants handling
new goods.   If there were no places where second-hand
goods could be sold, there would be little temptation for
petty thieves to break through and steal them; in
a large city to require the traffic in these goods to be
carried on in the day time and not at night is a reasona-
ble regulation in the exercise of the police power; and
when an ordinance is deemed necessary by the municipal
legislature, the court will not be justified in holding their
action invalid, unless it is clearly made to appear that
the ordinance is unreasonable or unwarranted by local
conditions.   The presumption is in favor of the local au-
thorities.   (Dunn v. Com., 105 Ky., 834; Peterson v.
State, 79 Neb., 132; Fifth Ave. Coach Co. v. New York,
194 N. Y., 19; Soon Hing v. Crowley, 113 U. S., 703.)   In
City of Bowling Green v. Carson, 10 Bush, 64, a city or-
dinance fixing market hours between dawn and eight
o'clock was sustained..   The court said:

"The right to make such regulations grows out of
the general police power of government, and unless they
are unreasonable or oppressive it is the duty of the
courts to enforce them.   The regulations under consid-
eration do not conflict with public policy, and are neither
unreasonable nor oppressive.   Appellee therefore had no
right to disregard them.   Nor can he justify his conduct
under a license granted him before the market place was
established. Whatever may have been his rights under
his license, like all other citizens he was bound to exer-
cise his right to do business and to enjoy his property
subject to such reasonable and proper regulations as
the city government might adopt for the good of the gen-
eral public.''

This rule was also approved in Town of LaGrange v.
Overstreet, 141 Ky., 43; Bradford v. Jones, 142 Ky., 820;
Nadorff v. City of Louisville, 144 Ky., 135.   In Sperry &
Hutchison Co. v. City of Owensboro, 151 Ky., 389, up-
holding a city ordinance taxing trading stamp companies
as not discriminatory, we said:

"The business of appellant is substantially differ-
ent from that of an ordinary merchant.   The city may
classify business and levy the tax on business as classi-
fied.   There must be a reasonable basis for the classifica-
tion;   but as appellant's business is entirely different
from that of an ordinary merchant, we agree with the
circuit court that there is a reasonable basis for the

classification; and that the ordinance is not void on the ground that it is discriminatory.''

We think there is a sound ground here for holding that there is a reasonable basis for the classification, and that appellant cannot complain of the valid exercise by the city of its police power.

The circuit court properly held that so much of the ordinance as authorizes imprisonment is void, but that this does not affect the remainder of the ordinance; and that of this appellant cannot complain as he was only fined. (Keiper v. City of Louisville, 152 Ky. 691.)

Judgment affirmed.