THE PEOPLE, PLAINTIFF AND RESPONDENT, v. GARCÍA & GARCÍA, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 553 of the Penal Code.

No. 711.—Decided July 19, 1915.

CLOSING OF ESTABLISHMENTS—CONSTRUCTION OF LAW—LABOR CONTRACTS.—Section 553 of the Penal Code, as amended by Act No. 131 of 1913, providing that all work in the commercial establishments enumerated therein shall be suspended from 7 p. m., does not limit the right to contract in relation to labor, inasmuch as the direct object of the statute is not the limitation of the hours of labor but the regulating of periods of rest or cessation from labor during the week.

ID.—WORKING HOURS—JUDICIAL NOTICE.—The Supreme Court will take judicial notice of the fact that men generally cannot and will not work nineteen hours a day.

IL. — CONSTITUTIONAL LAW — CIVIL REGULATIONS. — The constitutionality of the Sunday closing laws has been upheld generally in most of the States on the theory that such regulations are essentially civil and not religious and their validity is neither strengthened nor weakened by the fact that the rest they enjoin is on Sunday.

ID.—CONSTITUTIONAL LAW—DUTY OF COURTS.—It has been held generally that it is the duty of the courts to sustain the constitutionality of statutes unless the contrary plainly appears.

ID.—INTENTION OF LEGISLATURE.—The courts will not inquire into the reasons which the legislators may have had in mind in enacting regulations for the closing of establishments provided the regulations themselves are not unreasonable.

CONSTITUTIONAL LAW.—A law which operates generally should not be lightly declared unconstitional.

ID.—PUBLIC ORDER—POLICE REGULATIONS.—The fact that ordinances or police regulations operate as interferences with the free exercise of the classes of business made subject to them cannot alone be made a test of their validity, and if they afford reasonable facilities for the conduct of a business they do not amount to a prohibition but only to a regulation thereof.

ID.—CONSTRUCTION OF LAW—EXEMPTION.—The fact that a statute exempts certain classes from its operation does not make it unconstitutional where it clearly appears that the exemptions were those where the particular occupation would suffer immediate losses, or where the excluded classes were works of necessity.

ID.—WORKING HOURS—FREEDOM TO CONTRACT.—Where a man is free to contract for eighteen or nineteen hours a day it cannot be said that an enforced cessation of labor for five hours is an unreasonable restriction of his liberty to contract.

The facts are stated in the opinion.

Mr. *Jacinto Texidor* for the appellants.

Mr. *Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

García & García were charged with an infringement of section 553 of the Penal Code as amended (Act No. 131, 1913), inasmuch as on September 8, 1913, their provision shop was voluntarily and maliciously kept open to the public at eight o'clock and fifteen minutes of the evening. The sole purpose of this appeal is to question the constitutionality of the said section. It is as follows:

"That during the whole day on every Sunday and from 12 m. on legal holidays, and from 6 p. m., on all working days, except Saturdays, and on Saturdays from 10 p. m. commercial and industrial establishments shall remain closed to the public and suspend all

work for employees one hour after closing, excepting public markets for the sale of alimentary articles of prime necessity, sugar, and alcohol factories, coffee cleaning mills, pharmacies, printeries, garages, bakeries, hotels, restaurants, eating houses, clubs, billiard rooms, ice houses, meat stalls, milk stands, dairy farms, slaughterhouses, livery stables, piers or docks, undertaking establishments, places where refreshments, sweets, manufactured tobacco, matches and periodicals only are sold and cafés; excepting also public and quasi-public utilities and works of emergency necessary to prevent danger or considerable financial loss. Theaters, or other places devoted exclusively to amusements or charitable purposes, shall not be comprised under the provisions of this section, so far as relates to the purposes stated herein.

"Every violation of this section shall constitute a crime punishable by a fine of not to exceed fifty (50) dollars."

There was considerable discussion in the briefs of both parties as to the applicability of the case of *Lochner* v. *New York,* 19 U. S., 45. The mandate of the New York statute involved in that case was that no employee shall contract or agree to work more than ten hours a day. The provision referred to a baker's trade, and the Supreme Court of the United States held that the statute interfered with the right of contract between the employer and the employees concerning the number of hours in which the latter might labor in the bakery of the employer, and hence an unreasonable, unnecessary and arbitrary interference with the rights of the individual to contract in relation to labor and, as such, in conflict with and void under the Federal Constitution.

The appellants maintain that the section in question is an infringement of their individual liberty and their right to exercise their activities and labor, and is also an attack upon property, inasmuch as the section limits work to certain fixed hours. The appellants disclaim any intention to attack any part of the law which refers to Sunday closing, but maintain that the Legislature has no right to limit their hours on working days. Section 553 as finally drawn requires that all work in the business places concerned shall abso-

lutely cease at seven o'clock at night; in other words, that any man is free to work and contract to work for nineteen hours of each and every day, exclusive of Sundays, and for twenty-two hours on Saturday. This court will take judicial notice of the fact that men generally cannot and will not work nineteen hours a day. Hence the cases, like the case of *Lochner* v. *New York, supra,* have no direct application, inasmuch as in that and parallel cases the attempt was to limit the number of hours of the workingmen concerned to something like ten hours a day, the court holding that this was an unreasonable interference with the liberty to contract.

Section 553 of the Penal Code as originally drawn merely required shops and establishments to be closed at a certain time on Sunday. The statute as amended requires shops to be closed the whole of Sunday and from 6 p. m. on all working days; in other words, the statute has not for its direct object the limitation of hours of labor, but the regulating of periods of rest or cessation from labor throughout the entire week. The constitutionality of the Sunday closing laws has been generally upheld in most of the States on the theory that such regulations are essentially civil and not religious, whose validity is neither strengthened nor weakened by the fact that the rest they enjoin is on Sunday. *Hennington v. Georgia,* 163 U. S., 299; *Soon Hing* v. *Crowley,* 113 U. S., 703, 710; *Ex parte Jentzsch,* 112 Cal., 472; 37 Cyc., 541. Hence, the real question before us is always whether the Legislature in enjoining a certain number of periods of rest for the week acted unreasonably.

It has generally been held that it is the duty of a court to sustain the constitutionality of the statute unless the contrary clearly appears. *Ponce Lighter Company* v. *Ponce,* 19 P. R. R., 725, and authorities cited. *People* v. *Neagle,* 21 P. R. R., 351.

It has also frequently been held that courts will not inquire into the reasons that the legislators may have had in

mind when passing such regulations, provided that the regulations themselves are not unreasonable. *Soon Hing* v. *Crowley,* 113 U. S., 703; *Cronin* v. *People,* 37 A. R., 564, 82 N. Y., 318; *Baker* v. *State,* 12 N. Y., 17, 18; *People* v. *Gardner,* 143 Mich., 107, 106 N. W., 542; *Dobbins* v. *City of Los Angeles,* 139 Cal., 184.

*Soon Hing* v. *Crowley, supra,* was a case where San Francisco prescribed certain regulations for the laundries to be closed during certain hours of the night, and the court said:

"The objection that the fourth section is void on the ground that it deprives a man of the right to work at all times is equally without force. However broad the right of every one to follow such calling and employ his time as he may judge most conducive to his interests, it must be exercised subject to such general rules as are adopted by society for the common welfare. All sorts of restrictions are imposed upon the actions of men notwithstanding the liberty which is guaranteed to each. It is liberty regulated by just and impartial laws. Parties, for example, are free to make any contracts they choose for a lawful purpose, but society says what contracts shall be in writing and what may be verbally made, and on what days they may be executed, and how long they may be enforced if their terms are not complied with. So, too, with the hours of labor. On few subjects has there been more regulation. How many hours shall constitute a day's work in the absence of contract, at what time shops in our cities shall close at night, are constant subjects of legislation. Laws setting aside Sunday as a day of rest are upheld, not from any right of the government to legislate for the promotion of religious observances, but from its right to protect all persons from the physical and moral debasement which comes from uninterrupted labor. Such laws have always been deemed beneficient and merciful laws, especially to the poor and dependent, to the laborers in our factories and workshops and in the heated rooms of our cities; and their validity has been sustained by the highest courts of the States."

This was a case in which a provision of law directed at a particular trade was upheld. *A fortiori* a law which operates generally should not be lightly declared unconstitutional.

Likewise, in the *City of Butte* v. *Paltrovitch,* 30 Mont., 18, 104 A. S. R., 698, a regulation requiring pawnshops to

close after six was upheld. The court held that the fact that ordinances or police regulations operate as interferences with the free exercise of the classes of business made subject to them cannot alone be made a test of their validity, and that if they afford reasonable facilities for the conduct of the business they do not amount to a prohibition but only to a regulation thereof. And in *Ex parte Byrd,* 5 A. S. R., 328, a similar regulation with respect to markets was sustained.

Appellants also refer to the discrimination or the exemption made by the statute. The fact that the statute exempts certain classes from its operation does not make it unconstitutional where it clearly appears that the exemptions were those where the particular occupation would suffer immediate losses or where the excluded classes were works of necessity. The appellants have not satisfied us that any one has been included in the statute who should not be, or any one excluded who should be included. This feature of the question was necessarily decided by our decision in the case of *The People* v. *Gillies & Woodward,* 20 P. R. R., 467.

We do not see that this regulation of business in Porto Rico is an unreasonable one. The fact that it may incidentally tend to limit the hours of certain trades or professions cannot affect the principle involved. This court cannot go out of its way to say that the regulation limits the hours of labor for the express purpose of declaring the law unconstitutional. When it is noticed that in a great many of the recent cases, wherein the question of the limitation of hours has been involved, the courts have been pretty equally divided on the reasonableness of such regulation, we see no reason to give the statute a forced construction in order to declare it unconstitutional. A recent case on the reasonableness of the regulation of hours is *Stettler* v. *O'Hara,* 139 Pac. 746–47. Where a man is free to contract for eighteen or nineteen hours a day it cannot be said that an enforced period of cessation of labor for five hours is an unreasonable restriction of his liberty to contract. The Legislature

may have had in mind the general interests of the community or the interests and health of the particular trades and occupations, but whatever its reasons were, we find no unreasonable act of the Legislature and the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.