Solof *v.* City of Chattanooga.

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

On Petition to Rehear January 8, 1944.

HENSON W. SCHOOLFIELD and W. L. TILLETT, both of Chattanooga, for plaintiff in error.

EUGENE H. TATUM, of Chatanooga, for the City.

MR. JUSTICE NEIL delivered the opinion of the Court.

 Plaintiff in error was convicted in the City Court of Chattanooga of violating the pawnbrokers' ordinance which prohibits the operation of a pawnshop before eight o'clock, A. M. He appealed to the Criminal Court, where the case was tried *de novo,* and was there convicted and fined $15 for the offense. He has appealed to this Court and assigned errors. It will be unnecessary for us to consider all these assignments. The defendant testified in his own behalf and admitted violating the ordinance. The assignments therefore relating to the weight of the evidence are without merit. The further assignment which goes to the admissibility of the evidence of the city auditor is overruled, the same being without merit. The main defense in the instant case, and which constitutes the principal assignment of error, is that the ordinance in question, as well as the state statute on the same subject, is unconstitutional. The defendant contends that the hours fixed in the ordinance are arbitrary and unreasonable; that it takes away the greater part of his business, in that he is prevented from doing business during certain hours of the day without any excuse. The ordinance in question (copied from plaintiff in error's brief) is as follows:

"Be it further ordained that no Pawn Broker shall keep open his place of business before 8:00 o'clock A.M., or after 6:00 o'clock P.M., of any day during the months of June, July, August, and September, and not after 7:00 o'clock P. M. of any day during the other months of the year; providing that on Saturday of each week and the last fifteen (15) days of December of each year it shall be lawful for Pawn Brokers to keep open until 9:00

o'clock P.M., Pawn Brokers shall keep their places of business closed all day Sunday through the entire year."

This ordinance was passed pursuant to authority granted to municipalities by Code, section 6750.21. We think there can be no doubt of the right of the State as well as municipalities to regulate the business of pawnbrokers in the opening and closing of such places of business, and the City of Chattanooga in passing the ordinance above set out acted clearly within its right. It has been well settled that the State within the general scope of its police power may control and regulate the business or occupation of pawnbrokers. 48 C. J., 561; 40 Am. Jur. 691. In McQuillin on Municipal Corporations, Revised Vol. 3, Section 1078, it is said:

"The business of pawnbrokers, because of the facility for the commission of crime, and for its concealment, is one which belongs to a class where the strictest police regulation may be imposed. This is shown by our legislation, both state and local on the subject, and by adjudication of courts."

Quoting the same author, Section 1062, as follows:

"Ordinances prescribing hours for the opening and closing of designated kinds of business enacted in good faith, which are reasonable, non-discriminatory (observing natural and fair classification), conform to the law and public policy of the State, and emanate from sufficient grant of power, are valid, constitutional and enforceable."

We hold that the insistence of plaintiff in error that the ordinance is void because it is class legislation and in unreasonable restraint of trade is not well taken. The question has been decided in several jurisdictions and in all of which similar ordinances have been sustained. Counsel for the City cite the case of *Hyman* v. *Boldrick*, 153 Ky., 77, 154 S. W., 369, 44 L. R. A. (N. S.), 1039;

also, *City of Butte* v. *Paltrovich*, 30 Mont., 18, 75 P., 521, 104 Am. St. Rep., 698. We think these cases were well considered and the holding is directly contrary to the insistence of the plaintiff in error. The Montana case relates to pawn shops or secondhand stores and was upheld as to the fixing of hours of opening and closing so as to require that such business be transacted during daylight hours. The reason for these ordinances was fully discussed in the Kentucky case upholding hours of seven o'clock, A.M., to seven o'clock P.M., the same being considered a reasonable regulation. See also Annotations in 125 A. L. R., 598.

Upon full consideration of the case and the authorities above cited, we hold that the hours in which plaintiff is permitted to carry on his business is a reasonable regulation and not in violation of any of his constitutional rights. The assignments of error are overruled and the judgment of the trial court affirmed.

### ON PETITION TO REHEAR.

Plaintiff in error has filed a petition to rehear, complaining of the holding of the court that the ordinances of the City of Chattanooga are a valid exercise of the police power, and that the hours of opening and closing pawn shops are not unreasonable. It is not denied that the City has the right to regulate the business of conducting pawn shops. Ample authority is cited in the original opinion to sustain such legislation. There is nothing, however, in the opinion to justify the insistence of petitioner that the court held "any hours fixed are reasonable." We are concerned alone with the hours of opening and closing as set forth in the ordinance which is assailed in the instant case. The general rule of law as stated by McQuillin on Municipalities, and quoted in

the original opinion, has been followed in a number of jurisdictions. The case of *City of Butte* v. *Paltrovich,* 30 Mont., 18, 75 P., 521, 104 Am. St. Rep., 698, is directly in point, wherein it was held that an ordinance fixing the hours of opening and closing pawn shops at seven o'clock, A.M., and six o'clock, P.M., was not unreasonable. In *Hyman* v. *Boldrick,* 153 Ky., 77, 154 S. W., 369, 44 L. R. A. (N. S.), 1039, the ordinance assailed fixed the hours of openng and closing at between seven, A.M., and seven, P.M. In *City of Butte* v. *Paltrovich, supra,* it was contended, as petitioner does in the instant case, as follows: "Appellant contends that this ordinance prohibits him from conducting his business during a portion of every day" and that "It is an unlawful interference with or restraint of trade."

In overruling this contention the court held that the ordinance was not a prohibition but was a reasonable regulation, citing cases. As to the reasonableness of the ordinance, the court said:

"The only remaining question is, is the regulation provided by this ordinance a reasonable one? The mere fact that appellant's business is legitimate, and specifically recognized as such by legislative enactment, does not render ineffectual the power conferred by subdivision 16 above. The police power is not confined to the regulation of those classes of business which are essentially illegal, for, if illegal, in the sense that they are prohibited by law, it is not easily understood how they could be regulated at all.

"It is of the very essence of the exercise of police powers that citizens may, for the public good, be constrained in their conduct with reference to matters in themselves lawful and right. *Hopper* v. *Stack* [69 N. J. L.,

562], 56 A., 1. It is not a material inquiry to attempt to ascertain the reason which impelled the Legislature to designate the business of pawnbrokers as subject to police regulations. It is sufficient for us to know that it has done so, and deal with the law as we find it.''

■ Contention is here made that other persons who are engaged in a similar and competitive business, such as junk dealers and dealers in secondhand goods, are not required to close during the same hours as pawn shops. Responding to this contention we hold that the court is not justified in comparing the provisions of other ordinances regulating different kinds of business or even similar businesses in deciding the validity of one that is assailed.

The petition to rehear is denied.