**STATE OF ALABAMA, etc.; et al., Plaintiffs,**

v.

**The UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., Defendants,**

**Chemical Waste Management, Inc.; et al., Intervenors.**

**Civ. A. No. 88V–987–N.**

United States District Court, M.D. Alabama, N.D.

Dec. 15, 1988.

Don Siegelman, Atty. Gen., State of Ala., pro se and for plaintiffs.

R. Craig Kneisel, Robert D. Tambling, Asst. Attys. Gen., Office of the Atty. Gen., Montgomery, Ala., Edward S. Allen, Marshall Timberlake, John P. Scott, Jr., Marrtha F. Petrey, Balch & Bingham, Birmingham, Ala., and David R. Boyd, Balch & Bingham, Montgomery, Ala., for plaintiffs.

Bradley S. Bridgewater, Atty., U.S. Dept. of Justice, Land and Natural Resources Div., Washington, D.C., Fournier J. Gale, III, H. Thomas Wells, Jr., Alfred F. Smith, Jr., Maynard, Cooper, Frierson & Gale, P.C., Birmingham, Ala., and Roger C. Zehtner and Therese M. Yasdick, Chemical Waste Management, Inc., Oak Brook, Ill., for intervenor Chemical Waste.

Jim Mattox, Atty. Gen., State of Tex., Mary F. Keller, First Asst. Atty. Gen., Lou McCreary, Executive Asst. Atty. Gen., Nancy N. Lynch, and John R. Carter, Asst. Attys. Gen., Austin, Tex., for intervenor State of Tex.

## OPINION

VARNER, District Judge.

This cause is submitted on Plaintiffs' Motion for Partial Summary Judgment filed herein October 31, 1988, and on all the materials filed in support of or in opposition to said motion.

This case involves the proposed shipment of 47,000 tons of contaminated soil from Geneva, Texas, to Emelle, Alabama. The pertinent facts of this case were extensively set out in this Court's Memorandum Opinion and Order dated October 21, 1988, and will not be restated here.

Plaintiffs move this Court for a partial summary judgment in their favor as to Counts One, Five, Eight and Nine of their Complaint, which ask this Court to grant a permanent injunction requiring the Defendants, the United States Environmental Protection Agency [EPA] and Lee M. Thomas, to (1) reopen the Record of Decision dated September 18, 1986, for the Geneva Industries Site and (2) allow Plaintiffs, after proper notice, an opportunity to be heard and participate in the development of any remedial action at the Geneva Industries Site. Plaintiffs also request the Court to tax their costs, disbursements and attorneys' fees against Defendants.

Counts One, Five, Eight and Nine of Plaintiffs' Complaint all concern the issue of whether or not Defendant EPA provided the State of Alabama proper notice and an opportunity to be heard concerning the decision to send said contaminated soil to the Emelle facility. Plaintiffs' claims are based on the Comprehensive Environmental Response, Compensation and Liability Act of 1980 [Act], regulations adopted pursuant thereto and the Fifth Amendment to the United States Constitution.

In opposition to Plaintiffs' Motion for Partial Summary Judgment, Defendants contend that the Complaint should be dismissed for lack of jurisdiction and improper venue as notice is not required under either the Act or the Constitution and, even if notice is required, there are material facts in dispute.[1]

---

1. The Court has previously ruled on Defendants' claims concerning jurisdiction, venue and whether notice was required in its Memorandum Opinion and Order dated October 21, 1988.

In determining whether summary judgment is appropriate, the Court should decide whether the moving party has met his burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Washington v. Dugger*, 860 F.2d 1018, 1020 (11th Cir.1988). The moving parties, Plaintiffs, have shown to this Court by affidavits that Plaintiffs did not receive notice from the Defendants before a decision was made to send the contaminated soil to Alabama.

■■■■ Defendants argue that Plaintiffs, in fact, had notice in the summer of 1988 and had an opportunity to discuss the decision to send said soil to Alabama with officials of the EPA, including Defendant Thomas, Administrator of the EPA. Copies of letters showing correspondence between the State of Alabama and the EPA are included as exhibits to Defendants' opposition filed October 12, 1988, to Plaintiffs' motion for preliminary injunction. However, these letters are not proper evidence to be considered on motion for summary judgment and, therefore, were not taken into consideration.

While the Code sections pertinent to this case require a predetermination notice, the evidence properly submitted to the Court shows that the determination to ship the soil to Alabama was made prior to the State of Alabama's having received any notice of such a shipment. It is possible to waive notice in some instances. There is no competent evidence in this case to show whether Alabama officials did or did not waive any notice by corresponding and meeting with officials from Washington this summer, but, clearly the State of Alabama did not originally waive notice of the original proceedings before the determination was made to send the soil to Alabama.

Therefore, Plaintiffs' Motion for Partial Summary Judgment will be granted.[2] Plaintiffs moved for summary judgment as to Counts One, Five, Eight and Nine of

their Complaint. The other counts of the Complaint concern the question of whether alternative remedial methods would have been the proper method for this contaminated soil. Those matters should be determined after conciliation with the State of Alabama by the EPA (President's appointee).

An Order will be entered in accordance with this Opinion.

### ORDER

In accordance with the Opinion entered in the above-styled cause on this date, it is ORDERED, ADJUDGED and DECREED by this Court:

1. That Plaintiffs' Motion for Partial Summary Judgment filed herein October 31, 1988, be, and the same is hereby, granted and Defendants, the United States Environmental Protection Agency and its Administrator, Lee M. Thomas, their officers, employees and all persons acting by, through and for them [U.S. Government Defendants], are hereby ORDERED to reopen the Record of Decision dated September 18, 1986, for the Geneva Industries Site and reconsider the remedial action to be taken at the Geneva Industries Site after statutory mandated notice and reconciliation with the State of Alabama.

2. That the Cross–Motion for Summary Judgment filed herein November 10, 1988, by Intervenor State of Texas be, and the same is hereby, denied. The Motion for Continuance contained in said Cross–Motion for Summary Judgment is hereby denied as moot.

3. That the Motion for Summary Judgment filed herein November 10, 1988, by Intervenor Chemical Waste Management, Inc., be, and the same is hereby, denied.

4. That the Federal Defendants' Motion to Dismiss or, in the alternative, Motion for Partial Summary Judgment filed herein

---

Therefore, those claims will not be discussed further.

**2.** The Federal Defendants and both Intervenors, Chemical Waste Management, Inc., and the State of Texas, filed motions for summary judg-

ment or motions to dismiss with their responses to Plaintiffs' Motion for Partial Summary Judgment. These other motions for summary judgment and motions to dismiss will be denied.

November 10, 1988, be, and the same is hereby, denied.

5. That the above-styled cause is hereby dismissed, and the Court hereby reserves ruling on the question of attorneys' fees, costs, etc.[1]

---

1. The primary issues in this case are pending on an interlocutory appeal in the United States Court of Appeals for the Eleventh Circuit. This final Order herein, except for the question of attorneys' fees and costs, is entered with the hope that the disposition by the Court of Appeals may give full guidance to the parties as to pertinent law. Thereafter, the question of attorneys' fees and costs may be fully determined.