CASH INN OF DADE, INC., A Florida
Corporation, d/b/a Cash U.S.A. North,
et al., Plaintiffs–Appellants,

v.

METROPOLITAN DADE COUNTY, A
Political Subdivision of the State of
Florida, Defendant–Appellee.

No. 90–5526.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1991.

See also 706 F.Supp. 844.

Michael Winer, Fort Lauderdale, Fla., for plaintiffs-appellants.

Roy Wood, Miami, Fla., for defendant-appellee.

Before HATCHETT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

In this appeal we are asked to review the constitutionality of a local ordinance which requires pawnbrokers in Dade County to close their business at 5:00 p.m. Plaintiff Cash Inn, a pawnshop located in Dade County, maintains that this regulation arbitrarily interferes with its constitutional right to engage in a lawful business. It contends that the ordinance bears no rational relation to the goal of inhibiting the disposition of stolen property. We conclude that the ordinance is rationally related to a permissible governmental interest and thus affirm the district court's grant of summary judgment.

■ In January of 1989, the Board of County Commissioners for Dade County amended the County code to limit the hours of operation of pawnshops to a period from 7:00 a.m. to 5:00 p.m., seven days a week. When Cash Inn brought this action for declaratory and injunctive relief, the district court granted defendant's motion for summary judgment. Although the plaintiff challenged the ordinance on several grounds in the district court, the only issue before us is whether the requirement that all pawnshops close by 5:00 p.m. bears a rational relation to the goal of inhibiting criminal conduct. Business regulations such as these are reviewed under the rational basis test. *Exxon v. Eagerton*, 462 U.S. 176, 195, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983); *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976); *Williamson v. Lee Optical Co.*, 348 U.S. 483, 488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955); *In re Wood*, 866 F.2d 1367, 1370 (11th Cir.1989); *Silverstein v. Gwinnett Hosp. Authority*, 861 F.2d 1560, 1565 (11th Cir.1988).

■ This test is generally easily met. A searching inquiry into the validity of legislative judgments concerning economic regulation is not required. *Williamson v. Lee Optical Co.*, 348 U.S. 483, 488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1954). The task is to determine if "any set of facts may be reasonably conceived to justify" the legislation. *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). To put it another way, the legislation must be sustained if there is any conceivable basis for the legislature to believe that the means they have selected will tend to accomplish the desired end. Even if the court is convinced that the political branch has made an improvident, ill-advised, or unnecessary decision, it must uphold the act if it bears a rational relation to a legitimate governmental purpose. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 469, 101 S.Ct. 715, 726, 66 L.Ed.2d 659 (1981).

■ Under the rational basis test, the primary issues are: *first*, whether the government has the power or authority to regulate the particular area in question; and *second*, whether the method the Government has chosen to accomplish this goal bears a rational relation to the ultimate objective.

■ Both sides appear to agree that the County Commission may legitimately regulate the pawnshop industry in an attempt to reduce the available means of disposing of stolen property. "The business of pawnbrokers, because of the facility that it furnishes for the commission of crime and for its concealment, is one which clearly comes within the control of the police power of the state and is properly subject to regulation...." 54 Am.Jur.2d *Money Lenders and Pawnbrokers* § 3, at 596–97 (1971). This Court has itself recognized the permissibility of local legislation regulating pawnshops and secondhand dealers. *Peterman v. Coleman*, 764 F.2d 1416 (11th Cir.1985) (upholding county ordinance allowing officials to conduct warrantless searches of pawnshop records).

The only dispute is whether the commission's decision to require all pawnshops to close by 5:00 p.m. is a rational means of accomplishing that goal. Cash Inn ad-

vances several reasons as to why the commission's action should be invalidated.

■ *First,* Cash Inn claims upon passage, the county failed to articulate any rational reason for the enactment of this ordinance. It points out that the rationales advanced by the county on appeal are not those that were suggested at the time of passage. Yet, legislative acts are to be upheld if there is any conceivable basis to support the regulation. *McGowan,* 366 U.S. at 426, 81 S.Ct. at 1105. As a result, legislation may be sustained even if the legislative body fails to specify any reasons at all for its action. The fact that the county has advanced rationales which may not have been contemplated at the time of passage is entirely permissible. *Scott v. City of Sioux City,* 736 F.2d 1207, 1216 n. 11 (8th Cir.1984) (citing *Williamson,* 348 U.S. at 490, 75 S.Ct. at 465, *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985).

The Dade County Commission concluded that despite pervasive regulation of the pawnshop industry, such businesses continued to serve as a viable outlet for stolen property. Once recognizing that pawnshops do facilitate the disposition of stolen property, it is difficult to conclude that the county commission acted irrationally or arbitrarily in determining that a restriction on the hours of operation would limit access to this means of selling stolen goods. As the hours of operation decrease, the number of transactions conducted, some percentage of which involve stolen goods, similarly will decrease. Although not stated explicitly during the meeting, this appears to have been the motivation for the county commission in this case. At a minimum, this is a conceivable justification for the ordinance, rationally related to a legitimate governmental objective.

■ *Second,* Cash Inn maintains that the ordinance is unsupported by empirical evidence. The county commission, however, is not required to support its conclusions with empirical data as long as the assumptions its makes are logical. *Vance v. Bradley,* 440 U.S. 93, 110 & n. 28, 99 S.Ct. 939, 949 & n. 28, 59 L.Ed.2d 171 (1979).

The commission heard from various community leaders who indicated their support for the amendment. They stated that pawnshops were not only serving as vehicles for the disposition of stolen property, but were supplying ready cash to young people who then used the funds to purchase drugs. The commission also heard from representatives of the police force who told the commission that their ability to oversee area pawnshops would be greatly enhanced if both criminals and law abiding citizens alike were forced to conduct their business during a limited period. By channelling all business into a ten hour timeframe, officials have limited the amount of time police must devote to monitoring these stores and have increased law enforcement's ability to enforce existing regulations. In addition, police officials can devote their scarce resources elsewhere during the high crime evening hours. Based on the testimony presented at the hearings and the heavily regulated nature of the pawnshop industry, the commission's decision to limit the hours of operation was reasonable, even without a supporting empirical study concerning the incidence of stolen property sales at such businesses.

■ *Third,* plaintiff challenged the district court's reliance on the unsworn statements of various community members that were contained in the minutes of the county commission's meeting. The district court was undoubtedly justified in taking notice of the minutes for several reasons. First, economic regulation may be sustained based on any conceivable motivation. As a result, whether the perceived justification is drawn from a litigant's or judge's mind or from an accurate record of the proceedings is irrelevant. Second, even though the language of Rule 56(c) would seem to prohibit the admission of such testimony during summary judgment, courts have generally recognized that summary judgment decisions may be based on any admissible evidence. *Property Management & Investments, Inc. v. Lewis,* 752 F.2d 599, 604 n. 4 (11th Cir.1985); 6 Moore's Federal Practice ¶ 56.11[1.–8] at

56–105. Third, the county already had introduced the minutes as an exhibit during the hearing on plaintiff's motion for a preliminary injunction. A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases. *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989); *St. Louis Baptist Temple v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979). *But see State of Alabama v. EPA*, 711 F.Supp. 574, 576 (M.D.Ala.1989) (consideration of exhibits included in motion for preliminary injunction would be inappropriate at summary judgment), *rev'd on other grounds*, 871 F.2d 1548 (11th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 538, 107 L.Ed.2d 535 (1989). Fourth, numerous courts have held that an authenticated record of the proceedings before an administrative or legislative body are properly the subject of consideration by the district court. *Oriental Health Spa v. City of Ft. Wayne*, 864 F.2d 486, 490–91 (7th Cir.1988) (consideration of videotape of testimony before city counsel was appropriate at summary judgment); 6 Moore's Federal Practice ¶ 56[1.–8] at 56–103 & n. 4 (citing cases allowing the admission of statements made during administrative hearings).

■ *Fourth*, the plaintiff maintains that even if some limitation on hours is reasonable, the county has not only failed to justify why a closing time of 5:00 p.m. is rational, but has failed to counter evidence introduced by the plaintiff which suggests that the selection of 5:00 p.m. is irrational. Once it has been determined that pawnshop hours are subject to restrictions, however, then the setting of the exact hours obviously becomes somewhat arbitrary. Any number of opening and closing times would be permissible. Viewed in this light, it is impossible to conclude that the county commission acted irrationally or arbitrarily when it selected operating hours which coincide with those traditionally observed by a great many other businesses.

The plaintiff suggests that the 5:00 p.m. closing time does not advance the commission's stated goal of prohibiting nighttime pawnshop sales. During the county commission meeting, there was some discussion about limiting pawnshops to daylight hours of operation. The plaintiff introduced several charts, however, demonstrating that at no time during the year does the sun set at 5:00 p.m. and that for the vast majority of the year it sets much later.

■ What the plaintiff ignores is that the county has not suggested that the ordinance should be sustained because it limits the sale of stolen goods during the high crime evening hours. It has argued merely that a restriction on the number of hours of operation is reasonable. Accordingly, any reasonable time period would be permissible. Even if the commission was attempting to eliminate nighttime sales, the selection of 5:00 p.m. would not be unreasonable or irrational. Elected officials are not required to act with mathematical precision, *Vance*, 440 U.S. at 108, 99 S.Ct. at 948, nor does the rational basis test require a least restrictive means analysis. *Hughes v. Alexandria Scrap Co.*, 426 U.S. 794, 813–14, 96 S.Ct. 2488, 2499–2500, 49 L.Ed.2d 220 (1976) (legislators do not have to select the most artful or direct means of accomplishing desired end). The courts are not to examine the goal of the legislature, compare it with the means selected, and then determine if the legislature could have selected a method which has a lesser impact on the individual rights in question. *Cf. Beckerman v. City of Tupelo*, 664 F.2d 502, 512 (5th Cir. Unit A 1981) (under strict scrutiny test, ordinance limiting nighttime parades out of concern for safety was unconstitutional because, for most of year, it remained light after hour set by ordinance). As a result, the 5:00 p.m. closing time would be constitutional, even if a later closing time would present a less restrictive means of accomplishing the commission's objectives.

■ *Fifth*, plaintiff contends that even if the ordinance can be justified as a theoretical matter, the evidence presented to the district court conclusively demonstrated that it would not have an impact on the amount of stolen property sold through pawnshops. As part of its existing regulatory framework, Dade County requires

pawnshops to record the identification numbers on the items which they purchase and report the numbers as well as the identity of the seller and the time of sale to law enforcement officials. The police then attempt to match the numbers from the slips with the identification numbers of property which has been reported as stolen.

Rather than attempt to calculate the figures necessary to respond to plaintiff's interrogatories, the county acknowledged that, if analyzed, fewer than one percent of the slips submitted to the police would involve stolen property. Of those slips involving stolen property, analysis would not reveal that a significant number of the items were sold after 5:00 p.m. In addition, the county admitted that the amount of stolen property discovered through these means represented less than one percent of the property stolen within the county. The plaintiff maintains that this information proves that the suppositions which motivated the county commission are demonstrably false and thus the legislation is irrational.

These statistics, however, fall short of proving that the county ordinance is irrational. Even if the admission by the County accurately reflects the amount of stolen goods discoverable through this method of record keeping, it by no means suggests that this is the actual percentage of stolen goods which pass through pawnshops. Not every property owner has the foresight to jot down and retain the identification numbers on their property. In fact, many items do not carry such numbers and others can be altered to reflect a new identity. As a result, the county's admission concerning the transaction slips reveals only that one percent of all goods purchased at pawnshops can be matched with police lists of stolen items, not that only one percent of all goods present in pawnshops are stolen. That percentage may in fact be much higher. During the hearing before the commission, one of the pawnshop owners estimated that up to five percent of all items purchased by pawnshops are stolen. In a multimillion dollar industry that figure is not insubstantial.

The County's admission that evening sales of stolen goods are not significantly higher than daytime sales of such goods also fails to require invalidating the ordinance. In order to sustain the ordinance, the county need not prove that sales of stolen goods between the hours of 5:00 p.m. and 7:00 a.m. are higher than the sales of stolen goods during the daytime. Rather, it need only show that restricting the number of operating hours will limit criminals' ability to sell stolen goods. A limitation on the number of hours in which pawnshops can operate increases the ability of the police to monitor these stores and ensure compliance with existing regulations.

Businesses seeking to challenge economic regulations must do more than submit evidence which calls the articulated purposes of the legislation into doubt. They must demonstrate that the legislature could not have reasonably believed that the legislation would attain its aims. *Clover Leaf Creamery Co.*, 449 U.S. at 463–64, 101 S.Ct. at 723–24. The question is not whether the legislation will *in fact* accomplish its goals, but whether the legislative body could rationally have concluded that it would. *Id.* at 466, 101 S.Ct. at 725. The decision concerning whether or not this ordinance is sufficiently effective in deterring the sale of stolen goods to warrant interference in the private sector is a matter within the county commission's discretion.

The only three cases to address this precise issue have all determined that municipal efforts to curb the hours of operation for pawnshops are a rational means of attempting to limit the sale of stolen goods. *Solof v. City of Chattanooga*, 180 Tenn. 296, 174 S.W.2d 471 (1943); *Hyman v. Boldrick*, 153 Ky. 77, 154 S.W. 369 (Ct. App.1913); *City of Butte v. Paltrovich*, 30 Mont. 18, 75 P. 521 (1904). The fact that other similar statutes have been adopted and sustained supports the finding that this ordinance is reasonable. *Bain Peanut Co. v. Pinson*, 282 U.S. 499, 502, 51 S.Ct. 228, 229, 75 L.Ed. 482 (1930) (similar stat-

utes sustained elsewhere provide evidence of rationality).[1]

The cases cited by plaintiff which struck down legislation limiting the hours of operation for certain businesses are inapposite. The ordinances in those cases involved restrictions on either all businesses, businesses that posed no threat to the public welfare, or businesses infused with other protected elements such as freedom of expression which necessitated the application of a higher standard. *See, e.g., Fasino v. Borough of Montvale,* 122 N.J.Super. 304, 300 A.2d 195 (1973) (striking ordinance closing all retail establishments at 11:00 p.m.); *Town of Dyess v. Williams,* 247 Ark. 155, 444 S.W.2d 701 (1969) (closing all businesses at midnight); *Goodin v. City of Philadelphia,* 222 Miss. 77, 75 So.2d 279 (1954) (closing all businesses at 10:00 p.m.); *In re Gulf Oil Corp.,* 101 Pa.Cmwlth. 327, 516 A.2d 420 (1986) (striking ordinance requiring gasoline service stations to close after 10:00 p.m.); *Cowan v. City of Buffalo,* 247 A.D. 591, 288 N.Y.S. 239 (1936) (striking ordinance limiting hours of fresh fruit stand); *People v. Glaze,* 27 Cal.3d 841, 166 Cal.Rptr. 859, 614 P.2d 291 (1980) (striking ordinance limiting hours of operation for adult picture arcades under heightened First Amendment analysis).

The district court was correct in granting summary judgment in favor of the county on the ground that the challenged ordinance was not unconstitutional.

AFFIRMED.

---

**1.** Courts have sustained regulatory restrictions on the hours of operation for numerous other businesses. *See, e.g., Star Satellite Inc. v. City of Biloxi,* 779 F.2d 1074 (5th Cir.1986) (upholding restriction on hours of adult bookstores even under heightened First Amendment analysis); *Pollard v. Cockrell,* 578 F.2d 1002 (5th Cir.1978) (upholding ordinance regulating hours of massage parlors); *Patch Enterprises, Inc. v. McCall,* 447 F.Supp. 1075 (D.Fla.1978) (upholding regulation on hours of bars); *see also* Annotation, *Validity of Statute or Ordinance Fixing Closing* *Hours for Certain Kinds of Business,* 55 A.L.R. 242 (1928); Annotation, *Validity of Municipal Regulation More Restrictive than State Regulation as to Time for Selling or Serving Intoxicating Liquor,* 51 A.L.R.3d 1061 (1973); Annotation, *Validity, Construction, and Effect of Statute or Ordinance Regulating Beauty Shops, or Beauty Culture Schools,* 56 A.L.R.2d 879, 892 (1957); Annotation, *Validity of Ordinance Regulating Time During Which Restaurant Business May be Conducted,* 53 A.L.R.3d 942 (1973).