DEBARDELABEN v. STATE.

*(Knoxville.* November 10, 1897.)

1. GAMING. *Betting on horse races.*

Betting on horse races is indictable as gaming, unless the race is run within a substantial inclosure, and the bet made within the same inclosure. (*Post, pp. 650–652.*)

Act construed: Acts 1891, Ch. 115.

Code construed: § 6817 (S.); § 5701 (M. & V.); § 4881 (T. & S.).

Cases cited: Ransome v. State, 91 Tenn., 717; Williams v. State, 92 Tenn., 275.

2. CONSTITUTIONAL LAW. *Class legislation.*

The statute that declares betting on horse races illegal except by persons within the inclosure where the race is run, is not vicious class legislation. The classification is not arbitrary or capricious, and the Act embraces all persons, and affects alike all who are or choose to place themselves within its reach. (*Post, pp. 652, 653.*)

Constitution construed: Art. I., Sec. 8; Art. XI., Sec. 8.

Act construed: Acts 1891, Ch. 115.

Cases cited and approved: Sutton v. State, 96 Tenn., 696; Stratton v. Morris, 89 Tenn., 500; Railroads v. Crider, 91 Tenn., 490; State v. Alston, 94 Tenn., 674; Demoville & Co. v. Davidson County, 87 Tenn., 214.

3. CRIMINAL LAW. *Ignorance and good faith not good defenses.*

It is no defense to a prosecution for gaming that the defendant was ignorant of the law and believed that his license authorized his illegal act. (*Post, pp. 653, 654.*)

Case cited and approved: Atkins v. State, 95 Tenn., 475.

FROM KNOX.

Appeal from Criminal Court of Knox County. T. A. R. NELSON, J.

P. A. HAYNES and S. G. HEISKELL for Debardelaben.

Attorney-general PICKLE for State.

CALDWELL, J.   Debardelaben was presented, tried, convicted, and fined, in the Criminal Court of Knox County, for betting on a horse race while without the inclosure within which the race was run. He has appealed in error, and asks a reversal of the judgment.

Debardelaben was the proprietor of a poolroom, kept and operated for the purpose of betting on horse races.   He conducted this business in the city of Knoxville, under a license issued to him by the municipal authorities, and in the belief that the license made his business lawful.   In May, 1897, while in his poolroom at Knoxville, with the usual display of horses upon his blackboard, he made the bet, for which he stands convicted, upon a race then being run by Tennessee horses, upon an inclosed track in the city of Nashville, more than two hundred miles away.   Debardelaben, through his counsel, denies that such a bet upon such a race was unlawful.

Article 7 of Chapter 9 of Part 4 of the Code of Tennessee treats of gaming, and prescribes the punishment therefor.   This article contains several sections.   That one of them relating to the matter now in hand is in the words following: "Horse racing, without regard to the distance which may be run, trotted, or paced, where the same is run,

trotted, or paced upon a race track, or path made or kept for the purpose, and inclosed by a substantial fence, and shooting matches, are not within the prohibitions of this article; but it shall be unlawful gaming to bet or wager in any way upon any horse race, unless the race track upon which the race is run, trotted, or paced be inclosed by a substantial fence, and the bet or wager to be made within said inclosure upon a race to be run, trotted, or paced within said inclosure." Code (Shannon), § 6817.

The provision that the bet or wager shall be unlawful gaming (1) unless the race shall occur within a substantial inclosure, and (2) unless the bet or wager be made within that inclosure, was engrafted upon the previously existing law (Code, § 4881; M. & V., § 5701), by Sec. 2, Ch. 115, of the Acts of 1891. By the terms of that amendment two distinctly designated things must concur, to excuse the bet or wager, viz.: (1) The race must take place within a substantial inclosure, and (2) the bet or wager must be made within the same inclosure. The existence of the one without the other will not suffice. If either be wanting the participants in the bet or wager are guilty of unlawful gaming. The trial Judge so instructed the jury. In the present case only one of these prerequisites to innocence before the law is shown to have existed. The bet or wager was not made within the inclosure in which the race occurred.

There can be no doubt, therefore, of the defendant's guilt under the statute.

But, it is contended for him, that the latter requirement of the statute is invalid; that so much of the Act as declares it unlawful to make a bet or wager outside of the inclosure is partial legislation, and, for that reason, unconstitutional and void. Undoubtedly, the legislation is partial, in the sense that it declares the betting or wagering of persons within the inclosure lawful and that of persons without the inclosure unlawful. That, however, does not render the Act obnoxious to the Constitution as vicious class legislation. It is "the law of the land," within the contemplation of Sec. 8, Art. 1, and a "general law," within the contemplation of Sec. 8, Art. 11, of the Constitution, because it embraces and affects alike all persons who are, or may be, in the same or similar situation and condition, and makes no arbitrary and capricious classification. Possessing these qualities, it is valid class legislation. *Sutton* v. *State*, 96 Tenn., 696, 710; *Stratton Claimants* v. *Morris Claimants*, 89 *Ib.*, 500; *Railroads* v. *Crider*, 91 *Ib.*, 490; *State* v. *Alston*, 94 *Ib.*, 674; *Demoville* v. *Davidson County*, 87 *Ib.*, 214. The Act makes two classes of betting or wagering persons—those within and those without the inclosure. The former are excused, the latter made liable. It operates upon each member of the same class in exactly the same way, and any member of either class is permitted to become a mem-

ber of the other class, and upon doing so the rule of that class applies to him as to its other members. Persons on the inside of the inclosure may go out, and those on the outside may go in; and with the change thus made, from one class to the other, there is a corresponding change of liability. All may go in and be excused, or all may go out and be liable. So, it is perfectly clear that the law embraces and affects alike all- persons who are, or who may be, in the same or similar situation and condition.

One object of the law is, to encourage the raising of fine and swift horses. The greater the attendance at the races the greater the encouragement to raise such animals. Liberty to persons attending, and restraint upon those not attending, is well calculated to increase the attendance, and thereby forward the purpose of the law. Other reasons might be assigned, yet the one mentioned suffices to show that the classification is not arbitrary and capricious. The Act is not open to the objection urged against it in this case, nor to any other objection touching its validity. Impeachment of its title was answered in *Ransome* v. *State*, 91 Tenn., 717, in which case, as well as in *Williams* v. *State*, 92 *Ib.*, 275, the provision herein considered was, without discussion of its constitutionality, treated as valid and enforced against a person violating it. It can avail this defendant nothing, upon the question of guilt, to say that he was operating his poolroom under a license, and that he believed his business to be lawful. His

Debardelaben *v.* State.

business was unauthorized, and therefore the license afforded him no protection. *Atkins* v. *State*, 95 Tenn., 475. Nor was his ignorance of the existing law any excuse for its violation. *Ib.*

Affirmed.