## United Fuel & Gas Company v. Commonwealth. for, et al.

(Decided May 15, 1914.)

### Appeal from Lawrence Circuit Court.

1. Municipal Corporations—Ordinances—Void Ordinances—Judgment of Conviction for Violation Of.—If a city ordinance is void for the want of authority in the council to enact it, a judgmen. of conviction for a violation of the ordinance cannot be sustained, and the validity of the ordinance may be adjudged either in a prosecution to enforce it or in a prosecution under the statute to prohibit its enforcement.

2.  Municipal Corporations—Public Service Corporations—When City Cannot Regulate Charges Of.—In the absence of legislative authority, a city, after granting the franchise, as provided by law, has no power to regulate by ordinance the charges which a public service corporation may make.

3.  Municipal Corporations—Public Service Corporations—When Not Given Power to Regulate Charges.—A city of the fifth class under the power to enact all other local, police, sanitary and other regulations not conflicting with general laws is not given power to regulate the charges of public service corporations, as this provision must be read in connection with the other powers conferred upon the city by the statute.

R. G. ALTIZER and HAGER & STEWART for appellant.

W. D. O'NEAL, JR., J. A. VINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The United Fuel Gas Company holds a franchise granted by the city of Louisa under an ordinance which among other things provides that the grantee of the franchise shall furnish for public and private use to the city and its inhabitants natural or artificial gas at a reasonable price not exceeding in any event one dollar per one thousand cubic feet, and that the grantee in delivering gas shall not discriminate against the consumers in the city. The United Fuel Gas Company proposed to the inhabitants of Louisa to sell them gas at twenty cents a thousand feet if they would sign a contract for five years, but it charged persons who did not sign such a contract twenty five cents a thousand feet. A majority of the consumers signed the five years' contract, but a minority did not sign it. The city council then passed an ordinance which provided that a gas company should not charge one citizen more than another, and imposed a fine of not less than $50 nor more than $100, for a violation of the ordinance. Warrants were taken out against the Gas Company under the ordinance, and the gas company was fined in the police court. It appealed to the circuit court insisting that the ordinance was void. But the circuit court being of opinion that the validity of the ordinance could only be inquired into upon a writ of prohibition, refused to pass upon the validity of the ordinance and imposed a fine of $75 upon the gas company. The gas company appeals.

Louisa is a city of the fifth class.  Section 3639 Ky. Sts., governing cities of the fifth class, is as follows:

"The validity or constitutionality of any city ordinance, by-laws or rules of the fifth class cities, shall be tried by a writ of prohibition from the judge of the circuit court in which said city is located, with right of appeal by either party to the court of appeals."

While the validity of an ordinance may be tested by a writ of prohibition as provided by the statute, if the ordinance is not valid it is a nullity, and if it is a nullity, there is no law authorizing a fine to be imposed upon the defendant; for a void law is of no more effect after it is passed than if it had never been passed.  Being a nullity, it can give no force to any judicial proceeding, and a judgment for a fine under it must stand upon the same footing as a judgment rendered for a fine without any ordinance authorizing it.  The court will not inflict punishment under a void law; for under the Constitution every person shall have remedy by due course of law, and all courts shall be open.  (Section 14).  To fine a man under a void ordinance would be to deny him the equal protection of the law and refuse him remedy by due course of law.  Neither liberty nor property may be taken from a man except by due course of law, and no judgment can be entered punishing an offense when there is no law warranting it.  We therefore conclude that if the ordinance is void, the objection may be made in the prosecution to enforce the ordinance, if the party so elects, instead of bringing a writ of prohibition.

In the act governing cities of the fifth class, the power to pass ordinances is set out in Section 3637 Ky. Sts.  In a number of subdivisions of that section the things that may be provided for by ordinance are set out.  Among other things in the seventh subdivision the council is given authority to enact and enforce within the limits of the city all other local, police, sanitary and other regulations not conflicting with general laws.  But this subdivision must be read in connection with the other provisions of the section, and was not intended to confer upon the general council power to make any regulations it saw fit not conflicting with the general laws of the State.  The words "all other local, police, sanitary and other regulations" refer to the things that the council was authorized to do by the act.  The other regulations referred to were not intended to embrace matters on which the council was not authorized to legis-

late. The act for the government of cities of the fifth class must be read in connection with acts for the government of other classes of cities. No such broad powers are conferred on larger cities, and the minute statement of what the city may do was unnecessary if this subdivision was intended to give it all power not conflicting with general laws. There is nothing in the act giving the city any power to make ordinances imposing fines upon corporations who discriminate improperly between their patrons. The ordinance granting the franchise is a contract between the city and the grantee of the franchise; and one party to a contract cannot by his act impose a fine upon the other party for a violation of the contract in the absence of some legislative authority to do so. In Dillon on Municipal Corporations, vol. 111, Section 1325, 5th ed., it is said:

"Independently of a right to regulate and control the rates to be charged for public service reserved in a grant of a franchise or right to use the city streets, a city or other municipality has no power to regulate the rates to be charged by water, lighting or other public service corporations in the absence of express or plain legislative authority to do so."

See also Wyman on Public Service Corporations, Vol. 2, section 1410, Old Colony Trust Company v. Atlanta, 83 Fed. 39; Bluefield Water Works Co. v. Bluefield (W. Va.) 70 S. E., 772; St. Louis v. Bell Telephone Co., 96 Mo., 623; 2 L. R. A., 278.

We do not deem it necessary to consider whether the Gas Company discriminates against consumers in the city, or to pass upon the question whether it has violated the terms of the franchise. This question may be determined in a civil action in a court of competent jurisdiction. We only now determine that the ordinance is void for want of authority in the city to enact it; and that being void, it is a nullity, and being a nullity, no judgment for a fine may be imposed upon the defendant under it.

Judgment reversed and cause remanded with directions to the circuit court to dismiss the proceeding.

Judge Hannah not sitting.