## Hardy v. Commonwealth.

(Decided October 2, 1923.)

## Appeal from Daviess Circuit Court.

1. Criminal Law—Right of Commonwealth to Appeal from Police Court not Impaired by Prohibition Statute.—The right of appeal by the Commonwealth from the police court in cities of the third class prescribed by Kentucky Statutes, section 3367, has not been impaired or restricted by the prohibition enforcement act of 1922, chapter 33, sections 41, 45, unless such right of appeal results in a second trial for the same offense in cases where a second trial is prohibited under Constitution, section 13.

2. Criminal Law—Appeal to Circuit Court Held Second Prosecution for Same Offense.—In view of the fact that prohibition enforcement act of 1922, chapter 33, section 41, enlarges the jurisdiction of police courts in dealing with violations of the liquor laws, acquittal of one in police court was a bar to a second trial in the circuit court on appeal by the Commonwealth, under Constitution, section 13, notwithstanding Kentucky Statutes, section 3367, and Criminal Code of Practice, sections 363, 366.

R. P. ROBERTSON for appellant.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and FLOYD J. LASWELL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

By a warrant issued from the Owensboro police court appellant was charged with unlawful possession of spirituous liquors. On a trial in that court the warrant was dismissed and he was discharged.

The prosecution was in the name of the Commonwealth for the use and the benefit of the city of Owensboro, as is authorized by the charter of that city, and the city prosecuted an appeal in the name of the Commonwealth to the Daviess circuit court from the judgment of the police court.

On his trial in the circuit court appellant, in addition to a plea of not guilty, filed his written plea relying upon the judgment of acquittal in police court as a bar to another trial in the circuit court on the same charge.

The Commonwealth demurred to this plea, and the demurrer having been sustained the trial proceeded and the defendant was found guilty.

The only questions on this appeal from that judgment are (1) whether the Commonwealth may prosecute an appeal under the statute from a judgment of acquittal, and (2) whether the demurrer was properly sustained to the plea in bar.

Under the provisions of the prohibition enforcement act of 1922 (chapter 33), under which this prosecution was had, police courts are given concurrent jurisdiction with the circuit courts of the several counties of all offenses committed against such act in their respective jurisdictions. That act provides (section 41):

"Quarterly courts, and the judges thereof, justices of the peace and police courts, shall have concurrent jurisdiction with the circuit court in the trial of all offenses committed in their respective jurisdictions under the provisions of this act, where the penalty which may be inflicted does not exceed a fine of three hundred dollars and imprisonment in the county jail not exceeding sixty days, and said courts shall always be open for the trial of such offenses."

A conviction for this offense, under the terms of that act, mandatorily carries with it imprisonment in the county jail for not less than thirty nor more than sixty days. (Section 2.)

Owensboro is a city of the third class and section 3367, Kentucky Statutes, is a part of the charter for cities of that class. On the subject of appeals from the police court to the circuit court, it is provided in that section:

"The city may appeal in any case where the punishment might have been a fine of twenty-five dollars or over, or imprisonment."

Section 363, Criminal Code, denies to the Commonwealth the right to appeal to the circuit court in such · cases "unless otherwise provided in the statutes creating or regulating them," and section 366 of the Criminal Code, being a part of the chapter dealing with appeals from inferior to the circuit courts, provides:

"Upon appeal the case shall be tried anew, as if no judgment had been rendered."

The first contention of appellant is that the Commonwealth had no right to appeal at all from the judgment of the police court; that the enforcement act of 1922 superseded or repealed by implication, in such cases, the provisions in the charter for cities of the third class contained in the quoted section 3367. This contention is

based upon the recital in section 45 of the enforcement act that it is intended to be a full and complete law on the subjects covered and intended to supersede all other laws of the Commonwealth on those subjects, and the argument is that it thereby necessarily supersedes or repeals the provision authorizing an appeal by the city or the Commonwealth in section 3367.

We fail to find, however, anywhere in the enforcement act any provision dealing with the question of appeals from inferior to circuit courts. The act, in section 41, only enlarges the jurisdiction of quarterly, justices' and police courts in dealing with offenses denounced by it, and nowhere undertakes to prescribe the procedure necessary, to take appeals by either party from such inferior courts to the circuit court.

It seems apparent, therefore, that the right of appeal from the police court in cities of the third class prescribed by section 3367 has not been impaired or restricted by the enforcement act, unless such right of appeal, as will be seen hereafter, results in a second trial for the same offense in cases where a second trial is prohibited under section 13 of our Constitution.

The second proposition presents the direct question whether when courts inferior to the circuit court have concurrent jurisdiction with that court of an offense, and therefore jurisdiction to finally pass upon the guilt or innocence of one, and to enforce the penalty against him if found guilty, and the statute authorizes an appeal by the Commonwealth from such inferior court where the defendant is found not guilty, there may be on appeal a second trial of such defendant in the circuit court, although he has been finally tried and acquitted in a court having final jurisdiction to try him and enforce against him the penalty prescribed by law if he had been found guilty.

The circuit court and the police court each had the jurisdiction under the statute to try defendant and finally pass upon his guilt or innocence, and if found guilty to enforce its judgment. The police court, having first acquired jurisdiction, had the same power as would have the circuit court if the prosecution had been first started there. Therefore it is apparent that the mere granting of an appeal by the statute from the judgment of acquittal in the police court to another and higher tribunal having

only the same jurisdiction of the offense that the police court had, could not abrogate the Constitution and common law prohibition against a second trial for the same offense.

If in such case, upon appeal by the Commonwealth from one court having final jurisdiction to another court having final jurisdiction, there may be in the latter a second trial as if there had been none in the other court, then it seems necessarily to follow that the defendant might be tried twice for the same offense, once in each court.

Such a result is not only contrary to the letter and spirit of the constitutional provision, but is wholly obnoxious to even the crudest conception of our institutions.

The final trial and acquittal of defendant in the police court—that tribunal having the jurisdiction to pass finally upon his guilt or innocence—was just as much a bar to a second trial as if he had in the first place been tried in the circuit court. Surely it will not be contended that if one is tried in the circuit court on a charge necessarily involving his imprisonment if found guilty, and on that trial is acquitted, that he might, thereafter, if a new trial was granted the Commonwealth or a new indictment for the same offense returned, be again tried in that court and found guilty of the same offense of which he had been already acquitted.

Williams v. Commonwealth, 78 Ky. 93; Commonwealth v. Prall, 146 Ky. 109; Commonwealth v. Long, 197 Ky. 306; Gregory's Criminal Law, Section 1001; Taylor v. State, 36 Ark. 84; State v. Lee, 48 A. S. R. 202, and note; State v. Miner, 19 L. R. A. (O. S.) 342, and note; White v. State, 9 Texas App. Rep. 390; Commonwealth v. Cunningham, 8 Mass. 245; State v. Van Horton, 26 Ia. 402; Bishop's Criminal Law, vol. 1, sections 664, 665 and 666.

It results from what we have said the demurrer to the plea in bar should have been overruled.

The judgment is reversed with directions to overrule the demurrer to the plea in bar and dismiss the prosecution.

Whole court sitting.