## Burden, et al. v. Hendrix.

(Decided October 21, 1924.)

### Appeal from Ohio Circuit Court.

1. Municipal Corporations—Ordinance Fixing Penalty at Less than Imposed by Statutes Void.—Ordinance, fixing fine of $10.00 on person who should be drunk, or drink any intoxicating liquor, was invalid, under Constitution, section 168, as fixing penalty at less than that imposed by statutes for same offense.

2. Drunkards—Statute Prohibiting Drunkenness Repealed by Implication.—Ky. Stats., section 1319, as far as it related to punishment for drunkenness, was repealed by Prohibition Acts impliedly, if not expressly, in view of Ky. Stats., Supp., section 2554a-45.

3. Injunction—Prosecution under Void Ordinance Not Enjoined.— One cannot enjoin enforcement of judgment in police court under void ordinance imposing fine of $10.00, no property rights or multiplicity of suits being involved.

4. Injunction—Not Invoked to Interfere with Proceedings of Subordinate Tribunals, Unless to Prevent Irreparable Injury or Multiplicity of Suits.—Equity cannot be invoked so as to interfere with proceedings of subordinate tribunals, unless to prevent irreparable injury or multiplicity of suits.

OTTO C. MARTIN and HEAVRIN & HEAVRIN for appellants.

A. D. KIRK and CLARENCE BARTLETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellee Hendrix instituted this action in the Ohio circuit court against Walter Burden, marshal of the city of Fordsville, and Allison Haynes, judge of the police court of that city, to obtain an injunction restraining the said officers from taking further proceedings under a judgment rendered against him in the police court of that city on a charge of *being drunk in a public place,* in which proceeding he was fined $10.00 by the police court under an ordinance reading:

"Any person who shall be drunk or drink any intoxicating liquor, in the said town of Fordsville, shall be deemed guilty of a misdemeanor and on conviction be fined ten dollars ($10.00)."

Appellant contended in the lower court, and now insists here, that the ordinance was invalid because it con-

travenes section 168 of our Constitution, which in part reads:

"No municipal ordinance shall fix a penalty for violation thereof at less than that imposed by the statutes for the same offense."

Our latest statute provides:

"Any person who shall in any public place, or in or upon any passenger coach, street car, . . . drink any intoxicating liquor of any kind, or if any person shall be drunk or intoxicated in any public or private road, or in any passenger coach, street car or other public places or building, or at any public gathering, . . . he shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $10.00 nor more than $100.00, or by imprisonment not less than five days nor more than thirty days, or by both such fine and imprisonment."

As the ordinance of the city of Fordsville prescribed a penalty less than that fixed by the statutes, 1922, upon the same subject it was void under section 168 of the Constitution above quoted. Being void it was of no effect and the police court had no right to impose a fine on appellee Hendrix under that ordinance.

It is said, however, that section 1319, Kentucky Statutes, entitled "Profane Swearing; Drunkenness," which statute reads:

"If any person shall profanely curse or swear or shall be drunk he shall be fined $1.00 for each offense,"

justifies and supports appellant's contention that the city had a right to pass an ordinance fixing a penalty of $10.00 for being drunk either in a public or a private place, especially the latter, for such a penalty is greater than that provided by section 1319 of the statutes, and not, therefore, in derogation of the constitutional provision above copied. It is clear that our prohibition act passed in 1920, and the more recent one passed by the General Assembly of 1922, prohibiting the manufacture, sale and use of intoxicating liquors, is and was intended to and in fact was and is a full and complete law on the subject and intended to supersede all other laws of the Commonwealth on the subject, and therefore impliedly if

not expressly repealed section 1319, Kentucky Statutes, in so far as it conflicts with the terms thereof. Kentucky Statutes, 2554a-45; Hardy v. Commonwealth, 200 Ky. 306.

While the ordinance under consideration did not specifically provide for drunkenness in public places, as does the statute to which we have referred, it does provide a penalty for any person who shall be drunk or drinking in the town of Fordsville, and this language is broad enough to include drinking both in public and private places. We doubt, though we do not decide, the power of the city to pass an ordinance to prohibit the taking of a drink in private. Certainly it could not for other reasons pass an ordinance fixing the penalty for taking a drink in a public place or taking a drink in a private place, at a less penalty than that fixed by the statutes quoted above. Kehoe v. Commonwealth, 26 R. 1234. However, it does not follow that a judgment in conformity to the alleged invalid ordinance may be enjoined as is sought in this case.

There are different ways by which the validity or constitutionality of a city ordinance may be tried, including writ of prohibition from the circuit court of the district in which the city is located, with right of appeal to the Court of Appeals. Appellee Hendrix should have pursued one of those remedies if he desired to test the validity of the ordinance. In the case of United Fuel & Gas Co. v. Commonwealth, 159 Ky. 34, we said:

"While the validity of an ordinance may be tested by a writ of prohibition as provided by the statute, if the ordinance is not valid it is a nullity, and if it is a nullity there is no law authorizing a fine to be imposed upon the defendant, for a void law is of no more effect after it is pased than if it had never been passed. Being a nullity, it can give no force to any judicial proceeding, and a judgment for a fine under it must stand upon the same footing as a judgment rendered for a fine without any ordinance authorizing it. The court will not inflict punishment under a void law; for under the Constitution every person shall have remedy by due course of law, and all courts shall be open. (Section 14.) To fine a man under a void ordinance would be to deny him the due course of law."

In the case of Cohen v. Webb, 175 Ky. 1, we held:

An injunction will not lie to restrain criminal prosecution except where property rights are involved and it is necessary for a court of equity to interfere in order to prevent a multiplicity of suits and consequent irreparable injury.

A circuit court may grant prohibition only to prevent an inferior court from exceeding its jurisdiction, but not to prevent such court from making an erroneous decision.

Again, in Hieatt, Judge v. Settle, 176 Ky. 160, we ruled that an injunction will not lie to restrain a criminal prosecution except where property rights are involved and it is made to appear that a multiplicity of suits and irreparable injury will follow, unless the prosecution is enjoined. Nor will the fact that the validity or construction of a statute is involved, of itself, authorize the granting of an injunction. See also Pelfry v. Spencer, &c., 204 Ky. 578.

It is the generally recognized rule that the aid of a court of equity cannot be invoked so as to interfere with proceedings of subordinate tribunals unless to prevent irreparable injury or a multiplicity of suits. Following this rule we have held in several cases that where a city ordinance is invalid, one who is affected by it, has the right, in order to prevent irreparable injury or a multiplicity of prosecutions, to go into a court of equity for relief. City of Newport v. Newport & Cincinnati Bridge Co., 90 Ky. 193; S. C. & C. Street Railway v. Berry, Mayor, 93 Ky. 43; Boyd v. Board of Councilmen of the City of Frankfort, 25 R. 113. Equitable relief, however, will be granted only to prevent irreparable injury or the prosecution of a multiplicity of suits. There is but one prosecution pending against appellee Hendrix, so far as the record shows, so there is no multiplicity of suits. The taking of so small a sum as $10.00 could not be regarded as an irreparable injury. So it would appear that appellant did not state a cause of action in his petition. As appellant did not show himself entitled to the extraordinary equitable relief provided by injunction, the demurrer to the petition should have been sustained and his cause dismissed.

Judgment reversed for proceedings consistent herewith.