## Commonwealth v. Lipginski.

(Decided January 12, 1926.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Statutes—Courts Unauthorized to Interpolate Purposely Omitted Words Into Statute.—Courts are not authorized to interpolate words into a statute which the lawmaking body has purposely omitted.

2. Infants—Statute Held Not to Prohibit Sale of Newspapers by Boys Between 14 and 16.—Ky. Stats., section 331a-15, the second sentence of which prohibits boys between 14 and 16 from engaging in street occupations of peddling, boot-blacking, distribution or sale of magazines, periodicals, or circulars, or any other occupation pursued in any street or public place, held not to prohibit sale of newspapers by boys of such age.

3. Statutes—Statute Prohibiting Street Trade by Boys Held Not Unconstitutional as Local or Special Legislation.—Ky. Stats., section 331a-15, prohibiting street trades by boys in cities of the first, second, or third class, held not unconstitutional as special or local legislation within Constitution, section 59; classification being based on reasonable distinction.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, IRVIN MARCUS and JOS. S. LAWTON, Commonwealth's Attorney, for appellant.

BEN S. WASHER and PETER, LEE, TABB & KRIEGER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Lipginski, was arrested in January, 1925, on a warrant charging him with a violation of subsection 15 of section 331a, Kentucky Statutes, which constitutes a part of the child labor laws. A hearing was had before a magistrate and appellee, Lipginski, found

guilty, a fine being imposed. From the judgment entered thereon Lipginski appealed to the Jefferson circuit court. A general demurrer was interposed to the warrant on the ground that no public offense was charged, it being claimed that the boy to whom the newspapers were delivered to be sold was over the age of fourteen years and between the ages of fourteen and sixteen years, although he had no permit to engage in any street occupation and wore no badge or button indicating his authority to engage in street employments. The warrant itself is very brief, but by stipulation of the parties the affidavit of the probation officer upon which the warrant was issued was and is to be considered a part of the warrant, and it is further agreed that only "newspapers" were to be considered as sold by the boy in the trial of this case.

For the Commonwealth it is contended that the language of subsection 15 of section 331a, Kentucky Statutes, is plain and unambiguous; that the legislature was only regulating and attempting to regulate the employment of boys in occupations pursued on the street, and there is nothing for the court to do but to give the statute that meaning, that street trades are the outgrowth of opportunities offered by centers of great population and are found only in the larger cities, consequently there is a natural and distinct classification of cities which distinguishes these where they exist from those where they did not exist, and it is not special legislation to regulate them impartially in such cities.

For appellee, Lipginski, it is is insisted that it was not unlawful for him to engage a boy over the age of fourteen and between the ages of fourteen and sixteen years in the city of Louisville to sell papers upon the street under section 331a, Kentucky Statutes, and that inasmuch as the warrant charged the selling of newspapers by a boy between the ages of fourteen and sixteen in the streets of Louisville no public offense is stated, and the demurrer was properly sustained to the warrant. Lipginski further contends that since the same omnibus clause is at the end of the first sentence of 331a, subsection 15, as that at the end of the second sentence, and the word "newspapers" is included in the first sentence but omitted from the second sentence the meaning cannot be supplied and covered by the omnibus clause at the end thereof.

In argument counsel for Lipginski says that while a court may consider the "mischief intended by the legislature to be remedied," in the enactment of a statute, it cannot consider arguments that might be presented to a legislature for the passage of the act, but must look to the title and language of the act and facts of which it may take judicial notice. It further says that the doctrine of *ejusdem generis* has no application to the language employed in the statute and ought not control the construction. The first two sentences of subsection 15 of section 331a Kentucky Statutes read exactly alike, except the second sentence omits the word "newspapers," while 'the first sentence employes that word but refers only to boys under the age of fourteen years. The second sentence covers boys between the age of fourteen and sixteen years, the two sentences reading:

> (First sentence) : "No boy under fourteen years of age . . . shall be employed, permitted or suffered to work at any time in any city of the first, second or third class in or in connection with the street occupations of peddling, bootblacking, the distribution or sale of *newspapers,* magazines, periodicals or circulars, nor in any other occupation pursued in any street or public place."

> (Second sentence) : "No boy *between 14 and 16 years* of age shall be employed, permitted or suffered to work in any city of the first, second or third class in or in connection with the street occupations of peddling, bootblacking, the distribution or sale of magazines, periodicals, or circulars, nor in any other occupation pursued in any street or public place *except upon the following conditions."*

The exceptions mentioned in the last words of the second sentence are educational in their nature. The trial court upheld the constitutionality of the statute and sustained the demurrer to the warrant holding that the statute did not apply to the sale of "newspapers," The Commonwealth appeals, insisting that the selling of newspapers is practically the only street occupation in which boys engage and to so hold in effect nullifies the entire statute. The averments of the warrant as supplemented by the statement of the affidavit upon which it was issued are in substance as follows:

> "About 11:30 o'clock on the morning of November 26, 1924, appellee, knowing that one Bernard

Cecil, a boy between fourteen and sixteen years, did not have the badge required by the statutes, furnished him newspapers to be sold on the streets of Louisville, and knew that Cecil was going to sell the papers in violation of the law; that the public schools were in session at this time and Cecil was not licensed to engage in a street occupation during school hours.''

A proper determination of this appeal depends upon the correct interpretation and construction of the first two sentences of subsection 15 of section 331a, Kentucky Statutes, copied above. By the first sentence ''no boy under fourteen years of age shall be employed, permitted or suffered to work . . . in any city of the first . . . class . . . in connection with the street occupations of peddling, boot-blacking or distribution or sales of newspapers, magazines, periodicals or circulars, nor in any other occupation pursued in any street or public place.'' As the boy Cecil was over the age of fourteen years he does not come within the foregoing provisions of the statutes but does come within the second sentence, which provides that ''no boy between fourteen and sixteen years of age shall be employed . . . in any city of the first . . . class . . . in connection with the street occupation of peddling, boot-blacking or distribution or sale of magazines, periodicals or circulars, nor in any other occupations pursued in any street or public place except upon the following conditions.''

For the Commonwealth it is argued that the word ''newspapers,'' employed in the first sentence, was by inadvertence, oversight and mistake of the draftsman omitted from the second sentence of the act; that this is shown by the purpose intended to be accomplished by the enactment of the statute, and this being true the court should read the statute according to the intention which the General Assembly must have had when it made it law; that the omission of the word ''newspapers'' is what is commonly called and termed *"casus omissus."*

Appellee, Lipginski, insists that the word ''newspapers'' was not inadvertently omitted from the second sentence but by purpose on the part of the draftsman thereof, and the legislature in its passage, suggesting that the great daily newspapers published in the Commonwealth were powerful enough to induce this course on the part of the General Assembly in order to protect

their business, the sale of newspapers on the street, from such a source of obstruction as the inhibition of the sale of same by boys between the ages of fourteen and sixteen years, operating upon public streets in cities of the first, second and third classes. Just why the word "newspapers" was omitted from the second sentence of the statutes the court is unable to say. The record does not disclose why this was done. Of course, it may be con-jectured that it was omitted for one reason or another with an apparent showing of reason, but there is no legal way by which the court may determine for a certainty why the word "newspapers" was omitted from the sec-ond sentence. This being true, must we not accept the statute as we find it and concede that the General As-sembly in its wisdom omitted the word "newspapers" from the second sentence for some reason which appeared to that august body to be sufficient? Whatever may have influenced the General Assembly to omit the word "news-papers" from the second sentence in the statute, if it did purposely do so, is sufficient, and courts are not author-ized to interpolate words into a statute which the law-making body has purposely omitted. It is claimed for the Commonwealth, however, that even though the word "newspapers" is omitted from the second sentence of the statute, its place is supplied by the general words of the statute concluding, "Nor in any other occupation pursued in any street or public place." This phrase concludes both the first and second sentences of the stat-ute. It must have been considered by the law-making body as important to the expression of its will in the en-actment of this statute, else it would not have been em-ployed at the end of each of the two first sentences thereof. And if with such words concluding the first sentence it was necessary and thought to be so by the law-making body to employ the word "newspapers" in the first sentence, it would seem with equal force to have been necessary to employ the word "newspapers" in the sec-ond sentence if the statute was intended to prohibit boys between the ages of fourteen and sixteen years from sell-ing the newspapers upon the streets of cities. Many rules of construction might be called to the support of this conclusion if it were necessary, but we think this common sense view sufficient to meet the argument made by appellant. Richie v. Smyth, 80 U. S. 566; Common-wealth v. Barnett, 196 Ky. 731; Hickman v. Wright, 210

S. W. 447. The learned trial judge delivered a written opinion from which we take the following pertinent observation:

> "The argument of the Commonwealth is that the word 'newspapers' was inadvertently omitted by the legislature in the second sentence adverted to, and having been inadvertently omitted by the legislature, it should be included by the court. This seems to me clearly to confound the functions of these two agencies of the government. Under the Constitution it is the province of the legislature to enact and the province of the judiciary to interpret, and it is of vital importance to the maintenance of our institutions that the functions of the two departments shall be kept separate and distinct as provided in the Constitution. However beneficent a law might be, it is for the legislature to pronounce it. However much public policy may demand the enactment of a law, the court cannot enact it."

We conclude that the act must be considered as presented by the legislature without the interpolation of words which it may appear to some were intended to be but were not employed by the law-making body in the enactment of the statute, and we must, therefore, hold that the sale of newspapers was not included or intended to be included in the inhibition of the second sentence of subsection 15 of section 331a, Kentucky Statutes.

Appellee insists that the whole of subsection 15 of section 331a, Kentucky Statutes, is unconstitutional and void if it includes, as contended by appellant, the sale of daily newspapers. This insistence is rested upon the assumption that the statute is local or special legislation, and, therefore, contrary to section 59 of our Constitution. As well stated in brief of counsel for appellee, street occupations, such as the selling of newspapers, are confined to populace centers and big cities. There is, therefore, a natural and reasonable distinction to be made between such occupations in such places from like callings in the country and small towns. The General Assembly has a right to make such classifications based upon natural and reasonable distinctions. 31 Corpus Juris, 995; Hodge v. Bryan, 149 Ky. 110, 148 S. W. 21; City of Louisville v. Coulter, 177 Ky. 242, 197 S. W. 819; Commonwealth v. Ward, 136 Ky. 155, 123 S. W. 673; Dwiggins Wire Fence Co. v. Patterson, 166 Ky. 278;

Lakes v. Goodloe, 195 Ky. 240; James v. Barry, 138 Ky. 656, 128 S. W. 1070.

It follows, therefore, that the act is not contrary to the provisions of section 59 of our Constitution.

Judgment affirmed.