## Commonwealth v. Jarrett.

(Decided March 19, 1926.)

Appeal from Kenton Circuit Court
(Criminal Common Law and Equity Division).

1. Infants—Selling Newspapers to Boys Under 14 for Resale on Streets of City of Covington Held Violation of Law Prohibiting Employment of Minors in Street Occupations in Cities of First, Second, and Third Class (Ky. Stats., Section 331a-15).—Selling daily newspapers to boys under 14 for resale on streets of city of Covington held a violation of Ky. Stats., section 331a-15, prohibiting employment of minors in street occupations in cities of first, second, and third class.

2. Statutes—Statute Prohibiting Employment of Minors in Street Occupations in Cities of Second and Third Class Held Constitutional as Local or Special Legislation (Ky. Stats., Section 331a-15; Con-

stitution, Section 59).—Ky. Stats., section 331a-15, prohibiting employment of minors in street occupations in cities of the first, second, or third class, held not unconstitutional within Constitution, section 59, as local or special legislation.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, and ORIE S. WARE, for appellant.

MYERS & HOWARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This case was tried upon the following agreed statement of facts:

"It is agreed between the Commonwealth and the defendants that the defendants are and were at the date herein mentioned, the agents of the Cincinnati Times-Star and the Kentucky Post, daily newspapers circulated in Kenton county, and that as such agents on the 9th day of January, 1925, in Kenton county, in the regular course of their duties they sold, for cash, and delivered to Marion Graham and Edward Ruebsch, boys under 14 years of age, a number of copies of the said Times-Star and Kentucky Post, newspapers of the issue of that day, with the knowledge that the boys intended to sell same for their own profit on the streets of the city of Covington, and that the boys actually did sell said papers at a profit to themselves. The said boys at that time attended and attend the public schools of the city of Covington regularly and said papers were sold to them and were sold by the boys after school hours, upon the streets in the city of Covington, a city of the second class in the Commonwealth of Kentucky."

These stipulated facts constitute a violation of section 331a-15, Kentucky Statutes; as this occurred in a city of the second class. Similar sales in a city of the sixth class were held to not violate this statute. Cincinnati Times-Star Co. v. Clay's Admr., 195 Ky. 465, 243 S. W. 16.

This case was tried by the court without the intervention of a jury, and the court discharged the defendant because in the judgment of the court, section 331a-15, Kentucky Statutes, in so far as it attempts to make un-

lawful in cities of the first, second and third classes, the employment of minors in street occupations, and to allow such employment elsewhere in the Commonwealth is made invalid by section 59 of our Constitution. We held otherwise in the case of Commonwealth v. Lipginski, 212 Ky. 366, 279 S. W. 339. The appellee has attacked the constitutionality of this act so strenuously, however, that we have re-examined the question, and have arrived at the same conclusion. We have been much impressed by an opinion of the United States Supreme Court, rendered in Miller v. Wilson, 236 U. S. 373, 35 Sup. Ct. 342, 59 L. Ed. 628, L. R. A. 1915F 829, a case involving a similar question, wherein it said:

> "Dealing with practical exigencies, the legislature may be guided by experience. Patsone v. Pennsylvania, 232 U. S. 138, 144." (34 Supt. Ct. 281, 58 L. Ed. 539.) "It is free to recognize degrees of harm, and it may confine its restrictions to those classes of cases where the need is deemed to be clearest. As has been said, it may 'proceed cautiously, step by step,' and 'if an evil is specially experienced in a particular branch of business' it is not necessary that the prohibition 'should be couched in all-embracing terms.' Carroll v. Greenwich Insurance Co., 199 U. S. 401, 411." (26 Supt. Ct. 66, 50 L. Ed. 246.) "If the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied. Keokee Coke Co. v. Taylor, 234 U. S. 224, 227." (34 Sup. Ct. 856, 58 L. Ed. 1288.) See also, Weaver v. The Palmer Bros., — U. S. —, 46 Sup. Ct. 320, 70 L. Ed. —.

The action of the trial court in discharging the defendant, was therefore erroneous.

The judgment is reversed.