## Jones, Chief Safety Inspector v. Russell.

(Decided May 8, 1928.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Master and Servant.—Safety of workmen engaged in hazardous employment is a legitimate subject of legislation under the police

power of the state; essential predicate of police power being health, morals, safety, and general welfare of the people.

2. Constitutional Law.—Act 1926, c. 124, requiring proper scaffolding in construction work in cities of first and second classes, as defined by Ky. Stats., Supp. 1926, sec. 2740, held not in violation of Constitution, secs. 59, 60, as special or class legislation or a denial of equal protection of the law under Fourteenth Amendment of Federal Constitution; Constitution of Kentucky itself by section 156 recognizing difference for governmental purposes in cities, and dividing them for purposes of organization and government in six classes, based solely on population.

3. Constitutional Law.—Legislature is allowed great freedom of discretion, where right and responsibility of regulation is reposed in exercise of police power, and increase of population in limited localities increases problems of government, and thereby powers are correspondingly augmented.

4. Municipal Corporations.—Various municipalities of the state possess police power to the extent it may be delegated to them by the General Assembly.

5. Municipal Corporations.—General Assembly may enact directly for cities and towns any law that it could indirectly enact by delegating to them the power to pass it.

6. Constitutional Law.—Legislative power may be exercised to protect the public generally, or some particular class of persons if work subjects them to peculiar hazards, and whether general public or particular class is to be protected does not alter the reasonableness of classification of subject on which the law operates.

7. Constitutional Law.—Differences, as well as resemblances, must be considered in ascertaining the reasonableness of a classification, within meaning of Constitution, secs. 59, 60, and equal protection clause of United States Constitution.

8. Constitutional Law.—Classification based on variance in relations of men need not be constituted by an exact or scientific exclusion or inclusion of persons, places, or things, and degree of evil may be decisive on question of classification for regulations under the police power.

9. Constitutional Law.—As regards classification, so long as constitutional guaranties are observed, Legislature is unhampered in its discretion in dealing with practical exigencies, arising by reason of increased complexity of problems from constantly expanding power of government.

10. Constitutional Law.—If Legislature exerts a power within scope of its authority under Constitution, the courts have no right to pass on defects or excellence of the act, or the propriety or impropriety, wisdom or folly, of its enactment.

FIELDS, BYERS & MOORE and GARDNER K. BYERS for appellant.

BECKHAM, HAMILTON & BECKHAM and WOODWARD, WARFIELD & HOBSON for appellee.

Opinion of the Court by Judge Willis—Reversing.

The Legislature at its session in 1926 passed an act to require the proper construction, use, and maintenance of scaffolding, counterfloors, staging, rigging, etc., in all construction work in cities of the first and second classes, and to provide for the appointment and to prescribe the duties of a chief and deputy safety inspector of scaffolding and counterfloors in such cities. Acts 1926, c. 124, p. 610. Louisville is the only city of the first class in the state, but there are five cities of the second class: Lexington, Covington, Newport, Paducah, and Ashland. Section 2740, Ky. Stats., Supp. 1926.

The city of Louisville enacted an ordinance to effectuate the purposes of the act of 1926, and Oscar Jones was appointed and qualified as chief safety inspector of scaffolding and counterfloors. This action was filed in the Jefferson circuit court by J. F. Russell, a contractor engaged in the building business in the city of Louisville, to enjoin the inspector from performing his duties under the act, on the ground that the statute creating the office is unconstitutional. The chancellor sustained the contention of Russell and the inspector appeals.

It is apparent from the provisions of the statute that it was enacted under the police power of the state to promote the safety of workmen engaged in construction work which required them to make use of the structures described in the statute. It is not disputed that the safety of workmen engaged in hazardous employments is a legitimate subject of legislation under the police power of the state. The essential predicate of the police power is the health, morals, safety, and general welfare of the people. The courts do not undertake to define the limits, or mark the boundaries, of that power, but, by the process of inclusion and exclusion, await the impact of facts unforeseen, and develop the doctrine in the light of events and experience. It is the power of government to deal with any exigency, and the power is always equal to the emergency. Berea College v. Commonwealth, 123 Ky. 209, 94 S. W. 623, 29 Ky. Law Rep. 284, 124 Am. St. Rep. 344, 13 Ann. Cas. 337, affirmed by United States Supreme Court, 211 U. S. 45, 29 S. Ct. 33, 53 L. Ed. 81; Commonwealth v. Campbell, 133 Ky. 50, 117 S. W. 383, 24 L. R. A. (N. S.) 172, 19 Ann. Cas. 159; Commonwealth v. Smith, 163 Ky. 227, 173 S. W. 340, L. R. A. 1915D, 172; Rawles v. Jenkins, 212 Ky. 287, 279

S. W. 350; Commonwealth v. Reinecke Coal Min. Co., 117 Ky. 885, 79 S. W. 287, 25 Ky. Law Rep. 2027; Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789; Ky. Board of Pharmacy v. Cassidy, 115 Ky. 690, 74 S. W. 730, 25 Ky. Law Rep. 102; Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385; Holden v. Hardy, 169 U. S. 366, 18 S. Ct. 383, 42 L. Ed. 780; C. B. & Q. R. R. Co. v. McGuire, 219 U. S. 549, 31 S. Ct. 259, 55 L. Ed. 328; Erie R. Co. v. Williams, 233 U. S. 685, 34 S. Ct. 761, 58 L. Ed. 1155, 51 L. R. A. (N. S.) 1097; Muller v. Oregon, 208 U. S. 412, 28 S. Ct. 324, 52 L. Ed. 551, 13 Ann. Cas. 957; Riley v. Massachusetts, 232 U. S. 671, 34 S. Ct. 469, 58 L. Ed. 788; Hawley v. Walker, 232 U. S. 718, 34 S. Ct. 479, 58 L. Ed. 813; Miller v. Wilson, 236 U. S. 373, 35 S. Ct. 342, 59 L. Ed. 682, L. R. A. 1915F, 829; Ozan Lbr. Co. v. Union County Bank, 207 U. S. 251, 28 S. Ct. 89, 52 L. Ed. 195; Keokee Consol. Coke Co. v. Taylor, 234 U. S. 224, 34 S. Ct. 856, 58 L. Ed. 1288; L. & N. R. Co. v. Melton, 218 U. S. 36, 30 S. Ct. 676, 54 L. Ed. 921, 47 L. R. A. (N. S.) 84, affirming 127 Ky. 276, 105 S. W. 366, 32 Ky. Law Rep. 51, 110 S. W. 233, 33 Ky. Law Rep, 321, 112 S. W. 618, 33 Ky. Law Rep. 1042; Liberty Warehouse v. Burley Tobacco Growers' Co-op. Ass'n, 208 Ky. 643, 271 S. W. 695, affirmed by United States Supreme Court (48 S. Ct. 291, 72 L. Ed. —) on February 20, 1928.

Conceding the power of the Legislature in the premises, the particular statute here involved is challenged on the ground that it is special or class legislation in violation of sections 59 and 60 of the Constitution of Kentucky and a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States. The argument is rested on the restriction of operation of the act to cities of the first and second classes, and the exemption from its provisions of persons engaged in the same business in all parts of the state not included in such cities. The parties are in practical agreement that the Legislature in making police regulations has the right to make classifications based upon natural and reasonable distinctions, but is without right to exercise the power to classify arbitrarily and without any reasonable basis inherent in the objects of the classification. The disagreement arises on the reasonableness of the classification made by cities alone as was done in this instance. It is said that there

is no substantial difference in the business regulated in cities of the first and second classes and the same business in the other cities and unincorporated territory of the commonwealth. The danger, it is urged, is coextensive with the state and the need of regulation of the particular business is not greater in the cities designated by the act.

The Constitution itself recognizes a difference for governmental purposes in cities with a population exceeding 20,000 inhabitants and those with a less number of people. The cities and towns of this commonwealth, for the purposes of their organization and government, are divided into six classes, based solely on population. Constitution, section 156. The same standard is selected for the limitation on indebtedness, rates of taxation, representation in the General Assembly, composition of courts, the administration of justice, and for the exercise of many of the functions of government. We know that the increase of population in limited localities increases the problems of government and the powers thereof are correspondingly augmented. Dangers must be dealt with where they are most prevalent, and it is reasonable to allow great freedom of discretion to the legislative power where the right and responsibility of regulation is reposed. Commonwealth v. Jarrett, 213 Ky. 618, 281 S. W. 805; Miller v. Wilson, 236 U. S. 373, 35 S. Ct. 342, 59 L. Ed. 628, L. R. A. 1915F, 829.

This court has upheld classification by cities as a reasonable basis for the creation of a unit in local option elections (Board of Trustees of New Castle v. Scott, 125 Ky. 568, 101 S. W. 951, 30 Ky. Law Rep. 894), remarking that "all matters of mere police regulation may properly be so classified." It has been held competent for the Legislature to regulate barbering in the first, second, and third class cities, omitting the remainder of the state. Commonwealth v. Ward, 136 Ky. 146, 123 S. W. 673. In the latter case the court said:

"When the Legislature comes to exercise authority under this power (police power), it may deal with the persons, trades, or occupations subject to the power doing business in one or more of the classes into which the cities are divided without extending its supervision to persons engaged in similar trades, occupations, or business in other classes or in other parts of the state. An act imposing lim-

itations upon the individual in the pursuit of a business that comes within the police power will not be condemned as a class or discriminatory legislation because it is limited to one or more classes of cities.''

Like classification has been adopted and approved with reference to the regulation of the employment of newsboys (Commonwealth v. Lipginski, 212 Ky. 366, 279 S. W. 339; Commonwealth v. Jarrett, 213 Ky. 618, 281 S. W. 805), and the business of plumbers (City of Louisville v. Coulter, 177 Ky. 242, 197, S. W. 819, L. R. A. 1918A, 811). Cf. Commonwealth v. Thomas' Adm'r, 140 Ky. 796, 131 S. W. 797.

Classification by locality is recognized and allowed in the racing laws of this state (State Racing Com. v. Latonia Agricultural Ass'n, 136 Ky. 173, 123 S. W. 681, 25 L. R. A. (N. S.) 905) and in those of other states (12 C. J. sec. 858, p. 1133; Debardelaben v. State, 99 Tenn. 649, 42 S. W. 684).

It is clear from our decisions that the various municipalities of the state possess police power to the extent it may be delegated to them by the General Assembly. Wells v. Town of Mt. Olivet, 126 Ky. 131, 102 S. W. 1182. 31 Ky. Law Rep. 576, 11 L. R. A. (N. S.) 1080; City of Versailles v. Ky. Highland R. R. Co., 153 Ky. 83, 154 S. W. 388; Gleason v. Weber, 155 Ky. 431, 159 S. W. 976; Mullins v. Norlow, 170 Ky. 169, 185 S. W. 825; United Fuel & Gas Co. v. Commonwealth, 159 Ky. 34, 166 S. W. 783; Town of La Grange v. Overstreet, 141 Ky. 43, 132 S. W. 169, 31 L. R. A. (N. S.) 951; City of Owensboro v. Evans, 172 Ky. 831, 189 S. W. 1153; Hyman v. Boldrick, 153 Ky. 77, 154 S. W. 369, 44 L. R. A. (N. S.) 1039; Tolliver v. Blizzard, 143 Ky. 773, 137 S. W. 509, 34 L. R. A. (N. S.) 890; Lampton, etc., v. Wood, 199 Ky. 250, 250 S. W. 980; Harris v. City of Louisville, 165 Ky. 559, 177 S. W. 472, Ann. Cas. 1917B, 149; Buchanan v. Warley, 245 U. S. 60, 38 S. Ct. 16, 62 L. Ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201.

An examination of the various charters of the six classes of cities in this state will disclose a variety of classifications, differing in the various cities, made by the General Assembly by reason of the differences in conditions with which it was found necessary to deal. If the act in question had merely delegated to the cities designated a discretionary power to do what is made mandatory by the act, its validity could not be questioned. It

appears obvious that the Legislature could itself exercise in the first instance any power it could delegate to that end to the cities. Plainly it could enact directly for cities and towns any law that it could indirectly enact by delegating to them the power to pass it. Compare City of Louisville v. Com., 134 Ky. 488-498, 121 S. W. 411-413. All these considerations tend to support the reasonableness of the classification adopted in the passage of the challenged act.

But it is said a distinction exists between the instances noted and the case at bar, in that the present legislation is to provide for the safety of workmen, while in the other cases the regulations were to protect the general public. The distinction, if to be observed, which the newsboy cases seem to preclude, pertains only to the objects of the legislation and does not affect the power to enact it. The legislative power may be exercised to protect the public generally, or some particular class of persons whose work subjects them to peculiar hazards, and whether the general public or a particular class is to be protected does not alter the reasonableness of the classification of the subject upon which the law operates. 12 C. J., sec. 880, p. 1150.

But, it is said, "if a workman falls from the upper stories of a building, the consequences of that misfortune are equally serious whether the scene be rural or urban." The same epigram could be varied in form and applied in substance to every case of classification based on population or locality. The fallacy of the observation is found in the assumption that classification is made upon some invidious distinction among individual cases of injury, when, in fact, it is founded upon the broad policy of the greatest good to the greatest number. An injury from bad plumbing, careless barbering, or dangerous scaffolding is not more serious to an individual in a populous city than it is in rural localities, but it is a more serious menace to society because it is more likely to be extensive in populous places. Many workmen engaged on scaffolds prepared for them by others may require protection, whilst in smaller places the danger may be guarded against by the workmen themselves, rendering regulation unnecessary. The expense of regulation may also furnish a reason for applying it only where the industry is of sufficient magnitude to justify and provide the necessary expenditures. "Classification must have relation to the purpose of the Legislature. But logical ap-

propriateness of the inclusion or exclusion of objects or persons is not required. A classification may not be merely arbitrary, but necessarily there must be great freedom of discretion even though it result in 'ill-advised, unequal and oppressive legislation.' . . . And this necessarily on account of the complex problems which are presented to government. Evils must be met as they arise and according to the manner in which they arise. The right remedy may not always be apparent. Any interference, indeed, may be asserted to be evil, may result in evil. At any rate, exact wisdom and nice adaptation of remedies are not required by the Fourteenth Amendment, nor the crudeness nor the impolicy nor even the injustice of state laws redressed by it." Heath & Milligan Mfg. Co. v. Worst, 297 U. S. 338, 28 S. Ct. 114, 52 L. Ed. 236; Stebbins v. Riley, 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454; Magoun v. Ill. Trust & Sav. Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037; Welch v. Swasey, 214 U. S. 91, 29 S. Ct. 567, 53 L. Ed. 923; Bowman v. Lewis, 101 U. S. 22, 25 L. Ed. 989.

Legislation may be limited legally as to objects or territory if it operates equally on all persons and places subject to it under like circumstances and conditions. Hayes v. Missouri, 120 U. S. 68, 7 S. Ct. 350, 30 L. Ed. 578; Giles v. Teasley, 193 U. S. 148, 24 S. Ct. 359, 48 L. Ed. 655; Ocampo v. U. S., 234 U. S. 91, 34 S. Ct. 712, 58 L. Ed. 1231; 12 C. J. p. 1134; Missouri v. Lewis, 101 U. S. 22; Budd v. N. Y., 143 U. S. 517; Radice v. N. Y., 264 U. S. 292.

Differences, as well as resemblances, must be considered in ascertaining the reasonableness of a classification, and we cannot say that the conditions of the subject-matter of this particular legislation are not materially different in the different cities of the commonwealth. It is altogether likely that they are; we must assume that it is so, and that the General Assembly took note of the fact. Atchison, T. & S. F. R. Co. v. Matthews, 174 U. S. 98, 19 S. Ct. 609, 43 L. Ed. 909; Bachtel v. Wilson, 204 U. S. 36, 27 S. Ct. 243, 51 L. Ed. 357.

Many of the exertions of government are addressed to persons, not absolutely or abstractly, but according to their relations, and classification based on the variance in the relations of men need not be constituted by an exact or scientific exclusion or inclusion of persons, places, or things. The degree of evil may be decisive on the ques-

tion of classification for regulations under the police power. Engel v. O'Malley, 219 U. S. 128, 31 S. Ct. 190, 55 L. Ed. 128; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 78, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160; Mutual Loan Co. v. Martell, 222 U. S. 225, 32 S. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 539.

The reach of the power of government is constantly expanding, and with increased complexity of problems, the need of classification is enlarged, and, so long as constitutional guaranties are observed, the Legislature is unhampered in its discretion in dealing with practical exigencies. Commonwealth v. Goldburg, 167 Ky. 108, 180 S. W. 68; Buck v. Bell, 274 U. S. 200, 47 S. Ct. 584, 71 L. Ed. 1000, affirming 143 Va. 310, 130 S. E. 516, 51 A. L. R. 855.

The arguments addressed to the wisdom of the law, or the motives of the members of the General Assembly, are not appropriate. Courts are concerned only with the existence, and not with the exercise, of the legislative power to regulate in a particular instance. If the Legislature exerts a power within the scope of its authority under the Constitution, the courts have no right to pass upon the defects or excellence of the act, or the propriety or impropriety, wisdom or folly, of its enactment. C. B. & Q. R. Co. v. McGuire, 219 U. S. 459, 31 S. Ct. 259, 55 L. Ed. 328; Shanks v. Julian, 213 Ky. 291, 280 S. W. 1081; Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039.

The act of classification here challenged is not obnoxious to the state or Federal Constitution, and the lower court erred in holding it invalid.

The judgment is reversed for further proceedings consistent with this opinion.