[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12961
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00006-DHB-BKE

MICHAEL TAYLOR,

Plaintiff-Appellant,

versus

DEPARTMENT OF JUSTICE, et al.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 4, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Michael Taylor, proceeding *pro se*, appeals the district court's order dismissing his Georgia state law claims against the United States of America for false arrest, false imprisonment, malicious prosecution, and negligence, all brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674.  Taylor's brief, construed liberally, *see Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), asserts the district court erred in dismissing his claims based on its conclusion that the Government had probable cause to arrest Taylor for identity fraud, in violation of 18 U.S.C. § 1028(a)(7), and for threatening federal judges, in violation of 18 U.S.C. § 115(a)(1), in Taylor's prior criminal prosecution from which all of his claims arise.  After review, we affirm.

The parties are familiar with the facts, so we will move straight to the legal analysis.  The district court did not err in concluding the Government had probable cause in the prior criminal case to arrest Taylor for both identity fraud and threatening federal judges—and since each of Taylor's claims depended on the illegality of his arrest, the district court did not err in dismissing his claims.[1]

---

[1] Specifically, Taylor's four claims each arise out of his 2006 arrest and prosecution in *United States v. Taylor*, Case No. 3:06-004 (S.D. Ga. 2006), in which Taylor was indicted on two counts of threatening two federal judges and one count of identity fraud.  *See id.*, DE. 9.  In the instant civil lawsuit, Taylor contends unnamed federal employees committed false arrest, false imprisonment, malicious prosecution, and negligence during the previous criminal

With regard to the identity fraud charge, the district court did not err in concluding the Government had probable cause to arrest Taylor because Taylor admittedly used federal district judge Tim Leonard's name to apply for a credit card. *See* 18 U.S.C. § 1028(a)(7) (prohibiting a person from knowingly using, without lawful authority, a "means of identification" of another person in connection with any violation of federal law).  We reject the theory that Taylor did not use a "means of identification," as required to commit identity fraud under 18 U.S.C. § 1028(a)(7), simply because Taylor used Judge Tim Leonard's name only, not his social security number.  The statute clearly defines "means of identification" as "any name *or* number that may be used . . . to identify a specific individual."  18 U.S.C. § 1028(d)(7) (emphasis added).

We likewise reject Taylor's argument that the name he used did not identify a "specific individual" because there is more than one Tim Leonard in Oklahoma. The statute does not require that the name Taylor used on the fraudulent credit card application, standing alone, identify a unique individual.  The statute specifically provides that a "name" may constitute a "means of identification" if it "may be

---

prosecution and seeks over $3 trillion in damages.  An essential element of each claim is a lack of probable cause for Taylor's prior arrests.  *See* False Arrest, O.C.G.A. § 51-7-1 (requiring an arrest made "without probable cause"); False Imprisonment, O.C.G.A. § 51-7-20 (requiring an "unlawful detention"); Malicious Prosecution, O.C.G.A. § 51-7-40  (requiring a criminal prosecution carried on "maliciously and without any probable cause"); Negligence, O.C.G.A. § 51-1-6 (requiring a "breach of . . . legal duty"—in this case, an alleged breach of duty by arresting Taylor without probable cause).

3

used[] . . . *in conjunction with* any other information[] to identify a specific individual." *Id.* (emphasis added).  Accordingly, the district court did not err in concluding the Government had probable cause to arrest Taylor for identity fraud.

With regard to the charge of threatening federal judges, the district court did not err in concluding the Government had probable cause to arrest Taylor because the FBI agent's affidavit—upon which the magistrate judge who issued the arrest warrant relied—stated that federal agents searched Taylor's home and found a copy of one of the threatening letters to Judge Leonard and other letters directed to Judge Miles-LaGrange.  *See* 18 U.S.C. § 115(a)(1) (prohibiting a person from threatening to assault or murder a federal judge with the intent to impede, intimidate, or interfere with the judge in the performance of official duties).  We find meritless Taylor's argument that the district court abused its discretion by considering the FBI agent's affidavit simply because neither party formally submitted it as evidence.  "A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases." [2]  *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991).

---

[2] Furthermore, in his response to the Government's motion to dismiss Taylor expressly asked to present the FBI agent's affidavit to the court.  *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) ("[W]here a party invites the trial court to commit error, he cannot later cry foul on appeal.").

For the foregoing reasons, the district court did not err in concluding the Government had probable cause in the prior criminal case to arrest Taylor for both identity fraud and for threatening federal judges.  Since lack of probable cause laid the foundation for Taylor's civil claims against the United States, the district court did not err in granting the Government's motion to dismiss.

**AFFIRMED**.

JORDAN, Circuit Judge, concurring:

I concur in the judgment and join most of the majority opinion. As to the district court's consideration of the FBI agent's affidavit, I am not sure that the court could take judicial notice for the truth of the matters set forth in the affidavit. *See United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1278-79 (11th Cir. 1999); *United States v. Jones*, 29 F.3d 1549, 1553-54 (11th Cir. 1994). Nevertheless, as the majority indicates, Mr. Taylor invited any error by asking the district court to consider the affidavit.